S. D. Warren Company, Appellant
*vs.*
Charles W. Fritz, Ernest H. Smith and
Ernest H. Emery,

Assessors of the Town of Gorham, Appellees.

(two cases.)

Cumberland.    Opinion, March 6, 1942.

280

*Bradley, Linnell, Nulty & Brown,* Portland, for appellant.

*Redman, White, Wiley & Winslow,* Portland, for appellees.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

WORSTER, J. On exceptions to the refusal of the justice presiding at the December Term, 1941, of the Superior Court held at Portland, within and for Cumberland County, State of Maine, to restore to the docket of that court, two separate tax-abatement appeals, which had been dismissed at a prior term of that court. Both appeals present the same questions of law, and will be considered together.

The appeals (one covering the 1933 taxes and the other the 1934 taxes) were taken to that court by the S. D. Warren Company, hereinafter called appellant, from the refusal of the tax assessors of Gorham in said county, hereinafter called appellees, to abate the taxes which had been assessed against that company by said Gorham. The appeals were entered at the May Term, 1935, and dismissed at the April Term, 1938. Up to the time of dismissal, no appearances had been entered for the appellees, and no orders of notice on the appeals have ever been issued.

Nothing further appears to have been done in court in connection with these appeals until the September Term, 1938, (the third term after they had been dismissed) when appearances for the appellees were entered on the docket for the first time. At that term, pursuant to the written memorandum of agreement of counsel then filed in the office of the clerk of courts, the following docket entry was made in each of the appeals: "By agreement entry of 'Dismissed' stricken off and case restored to docket." So matters stood until the March Term, 1941, when the court, on appellant's motions, contin-

ued the matters to the June Term following. At that term, new counsel appeared for the appellees, and moved that both appeals be dismissed, alleging, in substance and effect, among other things, that the entry of "Dismissed" was made at the April Term, 1938, under a rule of court for want of prosecution, and constituted final judgment; that the appeals "could neither be restored to the docket at a later term by agreement of counsel nor by the Court"; and, having been so dismissed, the power of the court to restore the appeals "to the docket had been exhausted and its jurisdiction thereover lost."

On these motions, hearing was had at the October Term of that year, whereupon the court ruled in each proceeding "that the entry of 'Sept. T. 1938, 8 D by agreement entry of "Dismissed" stricken off and case restored to Docket' did not restore the cause to the Docket and give jurisdiction to this Court thereof. For this reason the motion is granted and the appeal ordered dismissed." Apparently appellant's exceptions to these findings and rulings of the court were abandoned, for none are presented here, and the time for filing extended bills of exceptions has expired.

At the November Term, 1941, the appellant filed motions that these matters be brought forward and restored to the docket, for the reasons, briefly stated, that they had been "dismissed from the docket on the first day of the April Term 1938 under Rule #41 of the Rules of Court by mistake, the entry of 'Dismissed' being improvident and erroneous"; that such appeals do "not fall within the provisions of Rule #41 of the Rules of Court"; and because no notice of the tax appeal was ordered by the court or by any justice thereof in vacation as required by the provisions of R. S., Chap. 13, Sec. 77. After hearing, these motions were denied by the court, at the December Term, 1941, and the matters are brought here on the appellant's exceptions.

It is contended for the appellant that the entries of appearances for the appellees, after the appeals had been dismissed at the April Term, 1938, and the participation by their attor-

neys in the hearings on the motions for continuances at the March Term, 1941, cured all defects in process, summons, service and prior irregularities, and was a waiver of all preliminary steps to a hearing on the merits. That contention cannot be sustained. According to the unreversed decision of the nisi prius court at the October Term, 1941, which is still binding upon the parties, the entries at the September Term, 1938, did not restore the causes to the docket and give jurisdiction thereof to the court. And surely appearances and participation in proceedings over which the court then had no jurisdiction, are ineffective.

It is further contended that the court had power to restore these matters to the docket because it is claimed that the entries of dismissal made at the April Term, 1938, were improvident or made in error or by mistake. But these appeals were again dismissed at the October Term, 1941, as above stated, because, to repeat, "the entry of 'Sept. T. 1938, 8 D by agreement entry of "Dismissed" stricken off and case restored to Docket' did not restore the cause to the Docket and give jurisdiction to this Court thereof." Whether that decision was based upon the assumption that the entries of "Dismissed" made at the April Term, 1938, were made under the direction of the court, and so amounted to a final disposition of the matters; or upon a finding that the entries at the September Term, 1938, were made only by agreement of counsel without the sanction of the court, and therefore ineffective, does not appear, unless it is to be inferred from the words "by agreement," that the entries were made only by counsel, without any authority from the court to do so. Whatever may have been the reason, the fact remains that at the October Term, 1941, the appeals were dismissed, and it is too late now to attack the validity of those dismissals.

Even if the appellant could challenge the validity of the dismissals at the April Term, 1938, yet there is nothing in this record to indicate that the entries of "Dismissed" made at that term were improvident, or made in error or by mistake,

as claimed by it, unless inference to that effect can be drawn from the docket entries and papers on file. But they do not show that the dismissal entries made at that April Term were made in error or by mistake. On the contrary, the entries appear to have been made intentionally, and are attested by the clerk. The records of the dismissals made by him import verity (*Davis* v. *Cass et al.*, 127 Me., 167, 142 A., 377; *Karrick* v. *Wetmore, Admr. et al.*, 210 Mass., 578, 97 N. E., 92); and, nothing appearing to the contrary, it is presumed that the entries were made with the sanction of the presiding justice and by his authority (*Davis* v. *Cass et al.*, supra).

The appellant claims, however, that the record shows, as a matter of law, that the entries "Dismissed" made at the April Term, 1938, were improvident, erroneous, and made by mistake. Counsel on both sides have assumed that these appeals were dismissed at that term under Rule 41, and statements to that effect appear in motions filed in these matters. But it is not so stated on the docket. The entry in each appeal is "Dismissed." The reason for dismissal is not stated.

Assuming, however, that the appeals were dismissed under Rule 41, for want of prosecution, then the appellant contends that these appeals do not fall within that rule, and so they were improperly dismissed, because it is claimed that a tax-abatement appeal is not a "case" within the meaning of Rule 41 of the Rules of Court, (which is to be found in 131 Maine, page 512). We think otherwise.

So far as is pertinent here, that rule is as follows:

"Cases, including libels for divorce, remaining on the docket for a period of two years or more with nothing done shall be dismissed for want of prosecution unless good cause be shown to the contrary."

It is pointed out for the appellant that the rule was amended in 1933, so as to include libels for divorce, from which it is apparently inferred that such libels are not "cases" and so the word "cases" is not used in the rule in a sense broad enough to

include such statutory proceedings as tax-abatement appeals. It is unnecessary to decide whether a libel for divorce is to be classed as a "case" or not, or to decide why those words were added. It may be said, however, that even before the amendment to the rule in 1933, this court said, in *Harmon* v. *Harmon*, 131 Me., 171, 159 A., 856, that "under our laws a libel for a divorce is regarded as a proceeding in a civil case." And, as early as 1847, it was said, in *Gold* v. *Vermont Central R. R. Co.*, 19 Vt., 478, that case in common parlance "has a more extended meaning than the word suit, or action, and may include application for divorce, applications for the establishment of high ways, applications for orders of support of relatives, and other special proceedings unknown to the common law . . ."

The primary meaning of the word case "according to lexicographers is cause. When applied to legal proceedings it imports a state of facts which furnish an occasion for the exercise of the jurisdiction of a court of justice." *Mather et al.* v. *Cunningham et al.*, 107 Me., 242, 78 A., 102; See also, *Cheney* v. *Richards*, 130 Me., 288, 155 A., 642; Vol. 1, Bouvier's Law Dictionary, Rawle's Revision, page 288; Black's Law Dictionary, second edition, page 173; *Smith et al.* v. *City of Waterbury et al.*, 54 Conn., 174, 7 A., 17; *Gold* v. *Vermont Central R. R. Co.*, supra; 10 C. J., page 1246; In re Sutter-Butte By-Pass Assessment No. 6, 190 Cal., 532, 213 P., 974; *Tutun* v. *United States*, 270 U. S., 568, 70 Law ed., 738, 46 S. Ct., 425; *Old Colony Trust Co. et al.* v. *Commissioner of Internal Revenue*, 279 U. S., 716, 73 Law ed., 918, 49 S. Ct., 499.

And so proceedings to validate an assessment by a drainage district (*In re Sutter-Butte By-Pass Assessment No.* 6, supra,) petitions for naturalization (*Tutun* v. *United States*, supra,) appeals for review of the decisions of the Board of Tax Appeals in internal revenue cases (*Old Colony Trust Co. et al.* v. *Commissioner of Internal Revenue*, supra,) and matters heard before railroad commissioners (*Smith et al.* v. *City of Waterbury et al.*, supra), are "cases."

There can be. no question but that, in this state, a tax-abatement appeal to the superior court is a judicial proceeding established by law, and imports a state of facts which furnish an occasion for the exercise of the jurisdiction of a court of justice; otherwise the court could not grant relief, and such a proceeding would be futile. Nor can it be said that in such appeals there are no adverse parties. It appears here that a complaining tax payer is seeking an abatement of a tax, and is opposed by the authorized officials of the municipality claiming the tax. Certainly there are parties in these proceedings having adverse interests. That, itself, makes a "case" calling for the exercise of judicial power to properly dispose of the matter (see *Old Colony Trust Co. et al.* v. *Commissioner of Internal Revenue,* supra).

Nor does the fact that the statute provides for the trial of such appeals by the court without a jury "with the rights provided by law in other civil cases so heard" (R. S., Chap. 13, Sec. 77) and makes provision for filing exceptions "in the same manner and with the same effect as is allowed in the superior court in the trial of cases without a jury" (R. S., Chap. 13, Sec. 79), demonstrate that such appeals are not cases within the meaning of that rule of court. On the contrary, the very words "other civil cases" indicate that the legislature considered that a tax-abatement appeal was itself a "case." Had it not been so considered, the word "other" would not have been used, and the legislature would have merely conferred upon the parties the rights provided by law in civil cases so heard.

Evidently, in 1938, when it was unsuccessfully attempted to restore these appeals to the docket, after they had been dismissed, the appellant's counsel, themselves, considered that a tax-abatement appeal was a "case" for in the memorandum signed by them and the then counsel for appellees, and filed in the clerk's office, it was stated: *"Case* restored to docket." The italics ours.

And a tax-abatement appeal certainly falls within the spirit and purpose of Rule 41, which is to prevent protracted litiga-

tion without just cause. It is apparent that to permit litigation in tax proceedings to be extended for a long period of time, without just cause, would be against public interest, for municipalities depend upon the prompt payment of taxes for their maintenance, and would be hampered by long, unjustifiable delays in such matters.

So, on this point, we conclude that a tax-abatement appeal is a "case" within the meaning of Rule 41.

But the appellant contends that even if tax-abatement appeals do fall within that rule, yet these appeals were unlawfully dismissed at the April Term, 1938, because notice had not been ordered on them as required by statute, and so the court was not then in position to require the appellant to prosecute its appeals, and could not dismiss them for want of prosecution. The statute provides that notice on a tax-abatement appeal "shall be ordered by said court in term time or by any justice thereof in vacation." R. S., Chap. 13, Sec. 77. And where no notices have been ordered by a justice in vacation, as was the situation here, the statute undoubtedly requires the court to issue an order of notice on each appeal, upon request of the moving party. But the court is not charged with the duty of inspecting the docket and files each term to ascertain if any cases have been entered requiring notice, and issuing orders of notice, of its own motion, on all tax-abatement appeals found to have been entered. In any event, Rule of Court 41 has the force of law and is binding upon the court as well as the parties (*Cunningham* v. *Long*, 125 Me., 494, 135 A., 198; 14 Am. Jur., 561). The parties themselves, and their attorneys, have some duties to perform. They are charged with knowledge of the docket entries, and, in the absence of statute to the contrary, it is their duty to look after their pending cases, ascertain what has been done with them, and take such proper steps in connection therewith as may be required (see *Rosenbush* v. *Westchester Fire Insurance Company*, 227 Mass., 41, 116 N. E., 396; *McAllister* v. *Erickson*, 45 Idaho, 211, 261 P., 242).

If the docket entries had been examined, a notation of "no service" would have been discovered in each case, which would have been ample warning to the appellant that necessary steps remained to be taken in order to bring the appellees into court, although warning was not required. Yet the appeals were allowed to slumber for nearly three years, with nothing done, and if, as argued, they were finally dismissed under Rule 41, at the April Term, 1938, it was due to the lack of diligence on the part of the appellant, which cannot now be remedied. Moreover, the docket discloses that the appeals were dismissed on the first day of the April Term, 1938. So it must be presumed that the appellant had sufficient time during that term, while the court retained jurisdiction over its docket for that term, to have presented motions for the restoration of the appeals and the continuance thereof for any alleged cause it claimed to have had.

Whether or not there was sufficient cause to justify the continuances of these appeals at that time, was a question of fact for the then presiding justice (see *Hurley* v. *Farnsworth, Admx*., 115 Me., 321, 98 A., 821).

Nothing appearing to the contrary, it is presumed that the "dismissed" appeals went to final judgment on judgment day of the April Term, 1938; and no error or mistake having been shown, the power of the court over these appeals was then exhausted. *Davis* v. *Cass et al.*, supra; *Karrick* v. *Wetmore, Admr. et al.*, supra; *Rosenbush* v. *Westchester Fire Insurance Company*, supra; *Cheney* v. *Boston & Maine Railroad*, 246 Mass., 502, 141 N. E.

The ruling of the court below, refusing to grant the appellant's motions to bring the appeals forward and restore them to the docket, was right.

The mandates are:

In case No. 1567 on the Superior Court Docket, and No. 259 on the Law Court Docket

*Exceptions overruled.*

In case No. 1568 on the Superior Court Docket, and No. 260 on the Law Court Docket

*Exceptions overruled.*