Ann G. CHUTE

v.

Anita LAJOIE.

Supreme Judicial Court of Maine.

March 29, 1978.

Goranites & Libby by Gary W. Libby (orally), Portland, for plaintiff.

Anita Lajoie, pro se.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

On November 15, 1973, plaintiff Ann G. Chute commenced a civil action against defendant Anita Lajoie in the Superior Court (Cumberland County). Defendant failed to appear in this action and a default was entered on September 13, 1974. Subsequently, on November 6, 1974, a default judgment was entered for plaintiff and the Court appointed a master to determine the amount of plaintiff's damages. The next docket entry, dated more than two years later, indicates that a motion to continue the case on the docket was filed by plaintiff on December 14, 1976. On December 17, 1976, the Superior Court denied the motion to continue and on its own motion entered a judgment of dismissal pursuant to Rule 41(b)(1), M.R.Civ.P. Plaintiff has appealed from the entry of this judgment.

We deny the appeal.

Rule 41(b)(1) provides:

"The court, on its own motion, after notice to the parties, and in the absence of a

showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance."

An involuntary dismissal pursuant to this rule operates as an adjudication upon the merits unless the Court in its order for dismissal "otherwise specifies." Rule 41(b)(3). See also *Jacobson v. State Highway Commission*, Me., 347 A.2d 426 (1975); *S. D. Warren Co. v. Fritz*, 138 Me. 279, 25 A.2d 645 (1942); *Davis v. Cass*, 127 Me. 167, 142 A. 377 (1928). As the Court here did not otherwise specify, the judgment of dismissal had the effect of a dismissal "with prejudice."

■ Plaintiff argues on appeal that the Superior Court abused its discretion by dismissing plaintiff's action with prejudice pursuant to Rule 41(b)(1). Plaintiff relies on the strength of her case on the merits,[1] her decision only five days before the actual dismissal to seek new counsel and the absence of any purposeful delay.[2]

Plaintiff does not attempt to justify her delay or want of prosecution for two years after entry of the default judgment. Plaintiff's counsel in a letter dated November 15, 1974 had urged plaintiff to begin assembling the available medical bills and reports for the hearing on damages. Yet, plaintiff's brief concedes, it was when plaintiff learned that the defendant had failed to comply with the requirements of the Financial Responsibility Law that the "steam" went out of plaintiff's efforts to proceed to a hearing on the amount of her damages.

Although counsel for plaintiff admitted at oral argument that the Court did not err in dismissing the case, plaintiff claims that the Court erred by dismissing the case *with prejudice*. We find nothing in the record, however, to indicate that the Superior Court abused its discretion by failing to provide specially that the dismissal was without prejudice. On December 17, 1976, the Superior Court conducted a hearing on the motion to continue the case on the docket. There is no suggestion that plaintiff ever requested that the Court specially provide that any dismissal have the effect only of a dismissal without prejudice.[3]

---

1. Plaintiff's complaint demanded judgment in the amount of $500 for property damage and $150,000 for permanent personal injuries allegedly resulting from defendant's negligence in operating an automobile. In addition to the default judgment entered for plaintiff, plaintiff had secured a writ of attachment for $50,000, indicating a reasonable likelihood that plaintiff would recover judgment in an amount equal to or greater than the amount of the attachment. The record, however, suggests the real possibility that any judgment would be worthless because defendant had not complied with the requirements of the Financial Responsibility Law.

2. Plaintiff further argues that a Rule 41(b) dismissal with prejudice is an appropriate exercise of discretion only where lesser sanctions are not available. Under Rule 41(b)(3), however, a dismissal with prejudice is the ordinary sanction unless otherwise provided.

   Plaintiff's arguments rest primarily on various federal cases decided pursuant to Rule 41 of the Federal Rules of Civil Procedure. The federal Rule 41(b) provides:

   "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order

for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

   It is interesting to note that several differences exist between the Maine and federal Rules. The federal Rule does not specifically authorize dismissal on the court's own motion; such a dismissal in the federal courts depends upon the court's inherent power. Federal Rule 41, moreover, does not specify or suggest the *length* or *nature* of the "want of prosecution" that may result in an involuntary dismissal. See generally Wright and Miller, Federal Practice and Procedure §§ 2369, 2370, 2373.

3. The record does not contain a transcript of the hearing on the motion to continue the case on the docket. Plaintiff's written motion to continue the case on the docket (dated December 14, 1976) requested only that the case "remain on the docket for a reasonable length of time, so that she can obtain other counsel to represent her, and that the Court grant such other and further relief as to which seems just."

With the case in this posture we conclude that the Superior Court did not err in entering a judgment of dismissal pursuant to Rule 41(b)(1).[4]

The entry is:

> *Appeal denied.*
>
> *Judgment affirmed.*

McKUSICK, C. J., and DELAHANTY, J., did not sit.

---

4. The comments of the Supreme Court in *Link v. Wabash Railroad Co.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) are appropriate here:

"Petitioner never sought to avail himself of the escape hatch provided by Rule 60(b)."