**David BURLEIGH et al.**

v.

**Farley WEEKS et al.**

Supreme Judicial Court of Maine.

Argued Jan. 15, 1981.

Decided Feb. 11, 1981.

Therriault & Golin, Roger S. Golin (orally), Roger R. Therriault, Bath, for plaintiffs.

Eaton, Glass & Marsano, John R. Bass, II (orally), Francis C. Marsano, Belfast, for Farley Weeks and Charles Springer.

Richard M. Dostie (orally), Belfast, for Fred Hall.

1. After the Superior Court's Rule 41(b)(1) dismissal of this action against Fred Hall and the other defendants, Mr. Hall, a Waldo County deputy sheriff, died. His death was suggested on the record of the Law Court on October 6, 1980. Inasmuch as plaintiffs filed no motion for substitution of another party within 90 days of the filing of the suggestion of death, the action must be dismissed as to defendant Hall for that additional reason. *See* M.R.Civ.P. 25(a)(1).

Before McKUSICK, C. J., and WERNICK, GODFREY, ROBERTS and CARTER, JJ.

McKUSICK, Chief Justice.

Plaintiffs David and Patricia Burleigh appeal from the Superior Court's dismissal with prejudice of their personal injury tort action against seven defendants. The Superior Court, acting under M.R.Civ.P. 41(b)(1) on its own motion and after notice, dismissed the complaint for want of prosecution. We hold that the Superior Court acted well within the scope of its permissible discretion, and accordingly we deny the appeal.

On June 14, 1977, plaintiffs filed a complaint in Superior Court (Waldo County) seeking recovery for injuries allegedly received by plaintiff David Burleigh in an altercation with several of the defendants that took place on November 29, 1975, and for resulting loss of consortium allegedly suffered by plaintiff Patricia Burleigh. The complaint named as defendants Farley Weeks, Charles Springer, Fred Hall,[1] and four others.[2] After November 16, 1977, no entries at all appeared on the Superior Court docket for well over two years. On April 2, 1980, the clerk served all attorneys of record with notice that the case was vulnerable for dismissal under M.R.Civ.P. 41(b)(1), which provides:

The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance.

2. The complaint also named as defendants Waldo County, which was duly served, and three individuals, Richard Drake, Douglas Drake, and David Drake, none of whom was ever served. Waldo County was dismissed as a defendant in October 1977. Plaintiffs have since abandoned the appeal they initially took from that dismissal.

Upon receiving the notice of the impeding dismissal, plaintiffs' counsel moved the Superior Court to retain his clients' action on the docket for good cause shown. After a hearing on May 6, 1980, which plaintiffs' counsel did not attend, the regional presiding justice of the Superior Court denied plaintiffs' motion and dismissed their action. Plaintiffs then moved for relief from the Rule 41(b)(1) dismissal under M.R.Civ.P. 60(b)(1),[3] on the grounds that counsel's absence from the May 6 hearing was excusable and that plaintiffs could show good cause for their more than two years of inaction in the case.

The same regional presiding justice heard plaintiffs' Rule 60(b) motion on May 27, 1980. The justice accepted counsel's argument that his failure to appear at the May 6 hearing was excusable because of other business, and he proceeded to entertain plaintiffs' 41(b)(1) "good cause" argument on exactly the same basis as if it had been put forth at the May 6 hearing. After considering that argument, however, the justice denied the requested relief from the Rule 41(b)(1) dismissal, determining that plaintiffs had not shown any reason why their long-neglected action should be retained on the docket.

The Maine Rules of Civil Procedure, unlike the federal rules, provide that the trial court on its own motion "shall" dismiss a plaintiff's cause of action for want of prosecution and specify the circumstances as to the length of time and the nature of the inactivity that trigger the mandated dismissal. M.R.Civ.P. 41(b)(1); *see Chute v. Lajoie*, Me., 383 A.2d 653, 654 n. 2 (1978); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 41.6 at 577–78 (2d ed. 1970). While as a general policy it is desirable that cases be decided on their merits, *see Sheepscot Land Corp. v. Gregory*, Me., 383 A.2d 16, 23 (1978), it is also "almost invariably true that neglected actions are of little or no merit." *Sortino v. Fisher*, 20 App.Div.2d 25, 27, 245 N.Y.S.2d 186, 190 (1st Dept. 1963) (Breitel,

J.), *quoted in* 1 Field, McKusick & Wroth, *supra* at 577. The purpose of the essentially automatic Rule 41(b)(1) mechanism is to enable the court to clear stale actions from its docket so that limited judicial resources may be expended on those cases to which the plaintiffs litigant have given the attention they would be expected to give meritorious causes of action. Only a showing by the delinquent plaintiff of "good cause to the contrary," addressed to the sound discretion of the trial court, *Emerson v. A. E. Hotels, Inc.*, Me., 403 A.2d 1192, 1193 n. 2 (1979), will overcome Rule 41(b)(1)'s command that an action that the plaintiff has allowed to lie completely dormant for more than two years must, without more, be dismissed.

The sole ground asserted by these plaintiffs as constituting good cause why their lawsuit should be retained on the docket is the pendency of a declaratory judgment action brought by a single one of the defendants, namely, Charles Springer, against his insurance company to determine the extent of its duty to defend and indemnify him in the principal action. The record reveals that Springer did not commence his coverage action until late in October 1978, almost a year after the last previous docket entry in the principal case. The record also reveals that still another year later plaintiffs here (David and Patricia Burleigh) were joined as involuntary plaintiffs in that declaratory judgment action, but the two cases were never consolidated and plaintiffs' counsel never sought a stay in the principal action.

Plaintiffs' counsel did state in his Rule 41(b)(1) motion, and again more fully in an affidavit submitted in connection with his Rule 60(b)(1) motion, that he had agreed with counsel for defendant Springer's insurer to suspend proceedings in the principal case pending the outcome of Springer's declaratory judgment action against the insurer. None of the other defendants in the

---

**3.** M.R.Civ.P. 60(b)(1) provides that:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order,

or proceeding for the following reasons: ... mistake, inadvertence, surprise, or excusable neglect ....

principal case, however, ever joined in that agreement or indeed was ever notified of it, so far as we can determine.

On those facts, no basis whatsoever exists for this appellate court to interfere with the Superior Court's exercise of its discretion in dismissing plaintiffs' complaint under Rule 41(b)(1). Any agreement between plaintiffs' counsel and counsel for defendant Springer's insurer—not even a party to the principal case—to suspend proceedings in the case at bar could in no way bind any of the defendants in this case, and least of all the court. The courts cannot condone attempts by counsel to waive by agreement the provisions of the rules of civil procedure designed to secure the speedy and inexpensive, as well as the just, determination of every action. *See* M.R.Civ.P. 1. Nor can the courts condone a party's reliance upon the pendency of another proceeding as an excuse for not prosecuting his cause of action where the party never even sought a stay of the principal action. Whether or not a stay would be granted of course depends upon the circumstances of each case; but where, as here, the plaintiff fails even to bring that issue to the timely attention of the court, he will rarely if ever be heard later to assert the pendency of the other action as "good cause" to avoid a Rule 41(b)(1) dismissal.

The entry must be:

Appeal denied.

Judgment affirmed.

All concurring.