## LEADBETTER INTERNATIONAL TRUCKS, INC.

v.

## STATE TAX ASSESSOR [1].

Supreme Judicial Court of Maine.

Argued Sept. 10, 1984.

Decided Nov. 14, 1984.

---

**1.** In the Superior Court, the party-defendant to the plaintiff's petition for review of the State Tax Assessor's decision on reconsideration was listed as State of Maine, Bureau of Taxation. The appropriate defendant in an appeal of this nature is the State Tax Assessor. Hence, we have changed the caption and listed State Tax Assessor as defendant, that being the proper

party by official title. *See* Rule 25(d)(2), M.R. Civ.P.

**1228**

Silsby & Silsby, Raymond L. Williams (orally), William S. Silsby, Jr., Ellsworth, for plaintiff.

Clifford B. Olson (orally), Asst. Atty. Gen., Bureau of Taxation, Augusta, for defendant.

Before McKUSICK, C.J., NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

Leadbetter International Trucks, Inc. (Leadbetter) appeals from a judgment of the Superior Court (Penobscot County) dismissing, for want of prosecution under M.R.Civ.P. 41(b)(1),[2] its petition for review of final agency action following denial by the State Tax Assessor of Leadbetter's request for reconsideration of a certain sales and use tax assessment against it. Leadbetter contends that its failure to take any action following the filing of its petition for review in the Superior Court for more than two years was supported by good cause. We hold that the Superior Court's finding to the contrary was not an abuse of discretion and, therefore, we affirm the judgment of dismissal with prejudice.

Leadbetter's petition for review was filed in the Superior Court on July 17, 1981. It sought relief against the assessment of a sales and use tax upon certain motor vehicles which it claims had been purchased for resale and, thus, were tax exempt, but, by mistake and inadvertence, had been carried on its books in its capital account rather than in its inventory account. An assistant attorney general representing the taxing authority entered his appearance in the case and informed the court by letter dated July 21, 1981, that

> [s]ince 36 MRSA § 151 provides that the reconsideration from which appeal is taken is not an "adjudicatory proceeding" within the meaning of that term in the Maine Administrative Procedure Act and that review of that reconsideration shall be by hearing de novo, no record has been made and, accordingly, none would be filed pursuant to 5 MRSA § 11005.

A carbon copy of this letter was purportedly sent to Leadbetter's attorney, which he says he never received.

No further action appears of record until January 25, 1984, when the Superior Court caused to be compiled a list of cases, in-

**2.** Rule 41(b)(1), M.R.Civ.P., states:

The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance.

cluding the instant case, which were vulnerable to dismissal under Rule 41(b)(1) and 41(c), and ordered the same to be forwarded by mail to all attorneys of record. The list carried the following introductory notice:

CASES TO BE DISMISSED BY THE COURT UNDER RULE 41(b)(1) AND 41(c). ALL COMPLAINTS, COUNTERCLAIMS, CROSS–CLAIMS AND THIRD–PARTY CLAIMS IN THE FOLLOWING CASES WILL BE DISMISSED ON FEBRUARY 21, 1984 AT 9:00 A.M., IN THE ABSENCE OF A SHOWING OF GOOD CAUSE TO THE CONTRARY BY WRITTEN MOTION TO THE COURT.

Leadbetter did file a motion with the court to retain the case on the docket on January 30, 1984, alleging therein that the reason for the inactivity in the case was that its attorney had been awaiting the filing by the taxing authority of the record of the proceeding before the agency. The motion carried the suggestion that he had not received the copy of the attorney general's letter purportedly mailed to him which informed the court that no record would be forthcoming. The State joined the issue and opposed the lifting of the dismissal by motion filed on February 7, 1984.

On February 21, 1984, the court proceeded to hear Leadbetter's motion to retain the case on the docket in the absence of its attorney who was vacationing in Florida. The motion was denied and the case dismissed with prejudice. Word reached the attorney in Florida respecting the court's disposition of his motion shortly after February 22, 1984. Following his return to Maine, the attorney on March 19, 1984, filed a motion for relief from judgment based on mistake, inadvertence and excusable neglect on his part. In his accompanying affidavit, the attorney asserted that his reason for not being in court on February 21, 1984, was that he did not realize, from reading the court's January 25th notice of the looming dismissal of the case, that his motion to retain the action on the docket would be heard on that day. He also claimed that his secretary failed to notify his partners in the office of the receipt of the State's opposition to his motion to retain the case on the docket.

The same Superior Court justice, who on February 21, 1984, had originally denied Leadbetter's motion to retain the case on the docket and had ordered its dismissal with prejudice, presided at the hearing on the motion for relief from the dismissal judgment. The court heard the parties on April 13, 1984, and, after granting relief from the dismissal judgment based on the alleged ambiguity of the dismissal notice of January 25, 1984, then proceeded by agreement of the parties to hear the case on Leadbetter's original motion to retain the case on the docket. By order dated that same day, the court denied anew the motion to retain the case on the docket on the ground that no sufficient showing of excusable neglect was made, and again dismissed the case with prejudice under Rule 41(b)(1), M.R.Civ.P. This is the judgment from which Leadbetter now appeals.

 Only a showing by a delinquent plaintiff of "good cause to the contrary," *addressed to the sound discretion of the trial court*, will overcome the mandate of Rule 41(b)(1), M.R.Civ.P., that an action which the plaintiff has allowed to lie completely dormant for more than two years must, without more, be dismissed. *Burleigh v. Weeks*, 425 A.2d 623, 624 (Me. 1981). Hence, we review the Superior Court's decision in a Rule 41(b)(1) proceeding by applying the usual standard, whether the court abused its discretion in dismissing the case. *Emerson v. A.E. Hotels, Inc.*, 403 A.2d 1192, 1195 (Me.1979).

Leadbetter argues that the Superior Court did abuse its discretion in dismissing the case with prejudice, claiming that it had demonstrated good cause for the delay, in that its attorney's neglect was excusable and constituted good cause as a matter of law. We disagree.

 The phrase "in the absence of a showing of good cause to the contrary" in

Rule 41(b)(1) mandated as a condition for avoiding dismissal of a party's action for want of prosecution is somewhat broader in scope than the reasons of "mistake, inadvertence, surprise, or excusable neglect" which Rule 60(b) requires to be shown for justifying relief from final judgments. Indeed, it includes them. Although excusable neglect may constitute good cause for keeping an action on the docket and avoiding dismissal under Rule 41(b)(1), inexcusable neglect does not. *See Intermountain Lumber and Builders Supply, Inc. v. Glens Falls Ins. Co.*, 83 Nev. 126, 424 P.2d 884, 886 (1967).

Leadbetter's attorney, in his affidavit to support the motion before the court to retain the case on the docket, tendered the following facts as good cause for his inactivity after the filing in Superior Court of his client's petition for review of final agency action. He mistakenly assumed that the agency would be filing a record of the proceedings at the administrative level. He denied receiving a copy of the attorney general's letter to the court to the effect that no record would be filed. Neither of these two reasons constitutes "good cause" within the scope of Rule 41(b)(1), nor excusable neglect amounting to good cause.

 Counsel's mistaken belief as to the law does not rise to the level of excusable neglect tantamount to good cause. *See Young v. Sturdy Furniture Co.*, 441 A.2d 320, 321 (Me.1982). Mistake of counsel respecting the meaning of a statute or rule of court in and of itself may not justify relief, as relief is not to be extended "to cover any kind of garden-variety oversight." *See Pasquale v. Finch*, 418 F.2d 627, 630 (1st Cir.1969); *Goldstein v. Barron*, 382 Mass. 181, 414 N.E.2d 998, 1001 (1980). In the instant case, the statute (5 M.R.S.A. § 11006(1)(D)) provides that judicial review of final agency action shall be confined to the record upon which the agency decision was based, *except that* "[i]n cases where final agency action was not required by statute to be made after an adjudicatory proceeding, the court may either remand for hearing or conduct a hearing de novo." In 36 M.R.S.A. § 151 concerning petitions for reconsideration of tax assessments by the State Tax Assessor as involved in this case, it is expressly provided that "[t]he reconsideration, with or without an informal conference, shall not be deemed to be an 'adjudicatory proceeding' within the meaning of that term in the Maine Administrative Procedure Act." Section 151 further adds that

> [t]he taxpayer or registrant may petition for judicial review of a decision on reconsideration in accordance with the Maine Administrative Procedure Act, *except that the absence of a record shall be resolved in all appeals exclusively by a hearing de novo on review.* (Emphasis supplied)

Unfamiliarity of counsel with these express statutory provisions of unambiguous connotation without more cannot justify as good cause for the more-than-two-year want of prosecution present in this case under Rule 41(b)(1).

Counsel's recourse to the failure to receive the attorney general's copy of the letter sent to the court advising that no record would be forthcoming in the case also must prove fruitless. The letter was part of the court file and would have been readily spotted, had due diligence been used in monitoring the progress of the case, especially in ascertaining from time to time whether the administrative record had been filed as counsel mistakenly thought would be done. In *S.D. Warren Co. v. Fritz*, 138 Me. 279, 287, 25 A.2d 645, 649 (1942), involving dismissals of tax-abatement appeals under a former rule 41, this Court said:

> The parties themselves, and their attorneys, have some duties to perform. They are charged with knowledge of the docket entries, and, in the absence of statute to the contrary, it is their duty to look after their pending cases, ascertain what has been done with them, and take such proper steps in connection there-

with as may be required (citations omitted).

In this case, counsel for the petitioner and moving party, for more than two years did absolutely nothing, so far as this record is concerned, to have a hearing in Superior Court on the propriety of the tax assessment in question. If he had, the mistaken assumption he was entertaining respecting the filing of a record of the administrative proceeding would have been dispelled and his requested review would undoubtedly have been prosecuted without delay. Counsel's inaction, coupled with his mistaken view of the requirements of the statute regulating petitions for review of tax assessments, does not provide "good cause" for the delay which caused the dismissal of the proceedings pursuant to Rule 41(b)(1).

■ Leadbetter further contends that failure of the court to set a schedule for the filing of briefs and for oral argument in the case, as mandated by statute, placed the court in a position that it could not require the petitioner, pending such scheduling, to prosecute the review proceeding and, hence, the court could not dismiss it for want of prosecution. The statute does provide that the court, upon request or its own motion, *shall* set a schedule for the filing of briefs by the parties and for oral argument. 5 M.R.S.A. § 11007(1). But this must be read to apply to that stage of the litigation when the time for filing briefs and for oral arguments has been reached, *i.e.*, in the instant case, after the hearing de novo had been completed. At any rate, it is unreasonable to believe that the Legislature by this statutory provision imposed upon the court the duty of policing all tax review proceedings found to have been entered on its docket and force active prosecution of the litigation by prematurely setting the time when briefs will be received and oral arguments will be heard. The party seeking review and his attorney have some duties to perform. They are charged with knowledge of the statutory procedural requirements involved in this type of tax review proceeding; they must take notice of the docket entries made in their case and, in the absence of a statute to the contrary, it is their duty, and not that of the court, to look after their pending cases and take such proper steps in connection therewith that will promote diligent resolution of the issues raised. To construe the statute, as contended by Leadbetter, as requiring the court in the instant case to set the schedule for filing briefs and for oral arguments before hearing de novo the evidence upon which the petitioner for review based his aggrievement from final agency action would disrupt the orderly operation of this statutory process and tend to foster delays which our rules of court seek to prevent. A similar argument as made here was advanced to no avail in *S.D. Warren Co. v. Fritz*, 138 Me. 279, 287, 25 A.2d 645, 649 (1942).

■ Leadbetter further argues that the absence of counsel at the February 21, 1984, hearing on its motion to retain the case on the docket was due to failure of counsel's secretary to notify any one of the partners in the office that the State's motion in opposition to the petitioner's own motion to preserve its status on the docket had been received, Leadbetter's counsel claiming that a timely notice would have triggered active participation of counsel and, if needed, concomitant offer to proceed to the merits of the appeal forthwith. Counsel's plea of excusable neglect or good cause for his inactivity, based upon alleged non-performance of his instructions by his secretary, is without merit. The responsibility for compliance with rules of court rests on counsel and responsibility for non-conformance may not be shifted by counsel to his secretary. *See State v. Newman*, 36 N.J.Super. 506, 116 A.2d 585, 587 (1955).

■ Finally, Leadbetter claims that the court's dismissal with prejudice of its petition for review of the State's sales and use tax assessment in this case was an abuse of discretion, notwithstanding its more-than-two-years inactivity, for the very reason that its case is highly meritorious and that the State in no way has been

**1232**

prejudiced by the delay. The mere assertion of a meritorious claim under circumstances where the opposition would not be prejudiced by delay beyond the period allowed under court rule will not necessarily preclude dismissal under Rule 41(b)(1). In *Burleigh v. Weeks*, 425 A.2d 623, 624 (Me. 1981), this Court focused attention on the mandatory terminology of the rule provision in its use of the terms *"shall dismiss an action for want of prosecution"* in the circumstances spelled out therein. Characterizing the rule as an "essentially automatic mechanism," we further stated that

> [o]nly a showing by the delinquent plaintiff of "good cause to the contrary," addressed to the sound discretion of the trial court, *Emerson v. A.E. Hotels, Inc.*, Me., 403 A.2d 1192, 1193, n. 2 (1979), will overcome Rule 41(b)(1)'s command that an action that the plaintiff has allowed to lie completely dormant for more than two years must, without more, be dismissed.

The mere fact that the petitioner may have a strong case on the merits and that it involves a substantial amount of money will not in itself establish an abuse of discretion on the part of the court in dismissing the proceedings with prejudice pursuant to Rule 41(b)(1). *See Chute v. Lajoie*, 383 A.2d 653, 654 (Me.1978).

The entry will be.

Judgment of dismissal with prejudice affirmed.

All concurring.