**Gary JACOBSEN**

v.

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C., et al.**

Supreme Judicial Court of Maine.

Argued June 16, 1988.

Decided July 21, 1988.

George W. Beals, (orally), Portland, for plaintiff on this appeal.

Jotham D. Pierce (orally), Daniel M. Snow, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for Mintz, Levin and J. Birmingham.

Steven D. Silin (orally), Paul F. Macri, Berman, Simmons & Goldberg, P.A., Lewiston, for Bernstein, Shur.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The plaintiff, Gary Jacobsen, appeals from a judgment of the Superior Court, Cumberland County, dismissing with prejudice Jacobsen's action against the defend-

ants, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo and John P. Birmingham, Jr. (Mintz) and Bernstein, Shur, Sawyer and Nelson and George M. Shur (Bernstein) pursuant to M.R.Civ.P. 41(b)(1). Because we hold the trial court properly exercised its discretion in ordering the dismissal, we do not address the cross-appeal of Bernstein, and affirm the judgment.

On June 17, 1983, Jacobsen filed a complaint in the Superior Court seeking damages alleged to have been suffered by him because of Mintz's alleged negligence. The action was removed to the United States District Court, District of Maine, on October 6, 1983. Following Bernstein's joinder as a party defendant, the case was remanded to the Superior Court by order of the District Court on September 28, 1984, 594 F.Supp. 583. The record reflects that Jacobsen's last docketed action to prosecute the case was on May 7, 1985, when he joined with Mintz in a motion to compel discovery from an insurance company. Pursuant to M.R.Civ.P. 41(b)(1)[1] the Superior Court placed the action on the dismissal list on October 30, 1987. On November 13, 1987, Jacobsen filed a motion to retain the case on the docket. After a hearing, the court denied Jacobsen's motion and dismissed the case with prejudice, and Jacobsen appeals.

Jacobsen contends, as he did before the trial court,[2] that good cause exists to retain the case on the docket because of (1) his attempts at settlement with Mintz and Bernstein, (2) his negotiations to secure a settlement with and a waiver of lien from the insurer on his workman's compensation claim, (3) his efforts at "informal discovery" in the preparation of the case, and because the merits of the case warrant its retention.

■ Jacobsen's claim that there is good cause to overcome the mandate of Rule 41(b)(1) that an action that a plaintiff has allowed to lie completely dormant for more than two years "must, without more, be dismissed" is addressed to the sound discretion of the trial court. We review the trial court's decision by applying the usual standard to determine if the court abused its discretion by dismissing the action. *Leadbetter Int'l Trucks, Inc. v. State Tax Assessor*, 483 A.2d 1226, 1229 (Me.1984).

■ Here, the record reflects that Mintz had not responded to Jacobsen's settlement demand of December 1983, nor had Jacobsen received any response from Bernstein following Jacobsen's rejection of Bernstein's settlement offer. Jacobsen cites no authority, and we find none, to support his contention that his negotiations concerning his independent claim for worker's compensation provided good cause to retain his action on the docket. At no time did Jacobsen seek a stay of the present proceedings until he had completed his negotiations with the worker's compensation insurance carrier. Although Jacobsen next contends that he had during the period between May 7, 1985 and the date of dismissal engaged in "informal discovery," he acknowledges and the record reflects that as of the date of hearing on the matter of the dismissal, Jacobsen had not responded to the interrogatories propounded to him by Mintz on June 4, 1984. Nor do we find any merit in Jacobsen's contention that the merits of his case warrant its retention. In *Leadbetter*, we stated that the "mere fact that the

1. M.R.Civ.P. 41(b) provides, in pertinent part:
   **(b) Involuntary Dismissal: Effect Thereof.**
   (1) *On Court's Own Motion.* The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance.

   ....

   (3) *Effect.* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

2. In our determination of the issue in this case, we do not consider the further contentions of Jacobsen not presented to the trial court and raised for the first time on this appeal. *See Dep't of Human Serv. v. Hulit*, 524 A.2d 1212, 1214 (Me.1987); *Cyr v. Cyr*, 432 A.2d 793, 797–98 (Me.1981).

**750**

petitioner may have a strong case on the merits and that it involves a substantial amount of money will not in itself establish an abuse of discretion." *Id.* at 1232. Accordingly, we hold that Jacobsen failed to show any good cause to overcome the mandate of Rule 41(b)(1) and the trial court did not abuse its discretion in dismissing the proceedings with prejudice.

The entry is:

Judgment affirmed.

All concurring.