STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        DOCKET NO. CV-02-84

ROSEMARY WHEELER,
                    Plaintiff,

        v.                              ORDER ON DEFENDANT'S MOTION
                                        FOR SUMMARY JUDGMENT AND
                                        PLAINTIFF'S MOTION TO DISMISS
NORTHERN UTILITIES CORP.                WITHOUT PREJUDICE
AND THE HARTFORD INSURANCE
COMPANY,
                    Defendants.

Defendant Northern Utilities' Motion for Summary Judgment is before the court.

Plaintiff, appearing *pro se*, filed a Motion to Dismiss Without Prejudice in response.[1]

## FACTUAL BACKGROUND

The Complaint stems from the termination of gas service, pursuant the policies

of Northern Utilities and the Public Utilities Commission, to a rental property located at

25 Cedar Street in Portland, Maine (the Property). Plaintiff, claiming to be the "lessee"

of the Property, asserts the Northern Utilities wrongfully and without notice turned off

the gas supply, resulting in frozen and burst pipes.

Defendant Northern Utilities states that Ms. Wheeler was over six months

behind on her bill. In February of 2001, a NU employee went to serve a personal notice

of collection and possible termination of service. Upon arrival, the Northern Utilities

employee concluded that the property was vacant, relying on the boarded up doors

---

[1] Defendant Hartford Insurance (Hartford) filed a cross-claim against Northern Utilities, did not join in or respond to the Motion for Summary Judgment, but supports Plaintiff's motion and requests the court to accept it "as also a motion for more time in which to respond" to Northern Utilities' motion. Def. Hartford's Mem. at 2. However, neither the Hartford's request nor the Plaintiff's filing complies with the requirements of 56(f) for additional time. M.R. Civ. P. 56(f) (affording the court the discretion to continue the motion if a party indicates, by affidavit, that they cannot present affidavit facts sufficient to justify its opposition).

and the notice posted by the City of Portland indicating that the premises was unfit for habitation. Service was discontinued in late February 2001. Sometime thereafter, the frozen pipes allegedly burst causing damage to the property. One year later, in February 2002, Plaintiff filed this action.

## DISCUSSION

Plaintiff's Motion to Dismiss

As to the Motion to Dismiss, Plaintiff seeks dismissal without prejudice so that she may continue her attempts to obtain counsel. She realizes that she needs "proper help" and that she is "not capable of handling this without an attorney." Pl's. Motion. Once an adverse party has answered the complaint and if not all parties agree to a dismissal, then "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions the court deems proper." M. R. Civ. P. 41(a). "Unless otherwise specified in the order, a dismissal under [Rule 41(a)(2)] *is without prejudice*." M. R. Civ. P. 41(a)(2) (emphasis added).

Although there is no case law supporting the standard, it appears that dismissal pursuant to Rule 41(a) is subject to the court's discretion. M. R. Civ. P. 41(a)(2)(stating dismissal is available under the terms and conditions the *court deems proper*); West Point-Pepperell v. State Tax Assessor, 1997 ME 58, 691 A.2d 1211; 1997 (identifying the abuse of discretion standard *for Rule 41(b)*); Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 544 A.2d 748, 749-50 (Me.1988)(applying the same analysis in evaluating abuse of discretion *in Rule 41(b)* dismissal as is used in evaluating leave to amend pleadings). The abuse of discretion standard has been most often examined in light of a motion to amend the pleadings. Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 544 A.2d at 749-50. Applying the same analysis to the present case, a party seeking to prevent a grant of a voluntary dismissal "must demonstrate a clear and

2

manifest abuse of that discretion and must demonstrate that [denying] such motion is necessary to prevent injustice." John Goodwin, Inc. v. Fox, 642 A.2d 1339, 1340 (Me. 1994) (quoting Bangor Motor Company v. Chapman, et al., 452 A.2d 389, 392 (Me. 1982)) (addressing denial of motion to amend). Defendant Northern Utilities contends that dismissal without prejudice "would be unfair and prejudicial." Def. Northern Utilities' Opp. at 3 (citing costs as the source of prejudice). Given the length of time this case has been pending, Plaintiff's continued noncompliance with the rules of procedure, and the Plaintiff's absolute lack of success in retaining counsel, protracting this litigation any further, with no likelihood of a change in circumstances in the near future,[2] would rise to the level of "an injustice." Id. Plaintiff's Motion to Dismiss Without Prejudice is DENIED.

## Defendant's Motion for Summary Judgment

Although Ms. Wheeler is not an attorney, a *pro-se* litigant is held to the same standards as an attorney. Department of Envtl. Protection v. Woodman, 1997 ME 164, ¶ 3 n. 3, 697 A.2d 1295 ("It is well established that *pro se* litigants are held to the same standards as represented parties."). Because Plaintiff failed to properly respond to the motion, or request additional time to respond, all Defendant's SMF are deemed admitted and all objections to Defendant's arguments are deemed waived as a matter law. M. R. Civ. P. 7(c)(3), 56(h)(4). Based on the undisputed facts on the record the Defendant's Motion for Summary Judgment is GRANTED. Houlton Band of Maliseet Indians v. Boyce, 1997 ME 4, P13, 688 A.2d 908. (" The party opposing such motion, may

---

[2] At hearing, Plaintiff indicated that she had made several unsuccessful attempts to retain counsel.

not rest on his pleadings but rather must produce specific facts which show the existence of a genuine issue.").[3]


The entry is

Plaintiff's Motion to Dismiss Without Prejudice is DENIED;
Defendants' Motion for Summary Judgment is GRANTED.[4]

Dated at Portland, Maine this 31st day of July, 2003.

_____
Robert E. Crowley
Justice, Superior Court

---

[3] Plaintiff filed, on the day of the hearing, a ""Declaration," which lists some relevant and many irrelevant facts, opinions, and conclusions. This Declaration was filed almost two months after the time for filing an opposition to Defendant's motion had lapsed. Furthermore, the Declaration in no way complies with the requirements of M. R. Civ. P. 56.

[4] Because summary judgment is entered against Plaintiff, Defendant Hartford's Cross-claim for indemnification/contribution is dismissed as moot. Defendant Northern Utilities' Motion to Amend Answer to Cross-Claim is similarly moot.

ROSEMARY WHEELER  - PLAINTIFF
211 CUMBERLAND AVE-1611
PORTLAND ME 04101

vs
NORTHERN UTILITIES CORPORATION - DEFENDANT

Attorney for: NORTHERN UTILITIES CORPORATION
JENNIFER S RIGGLE
GERMANI & RIGGLE, LLC
93 EXCHANGE ST
PORTLAND ME 04101

Attorney for: NORTHERN UTILITIES CORPORATION
ELIZABETH GERMANI
GERMANI & RIGGLE, LLC
93 EXCHANGE ST
PORTLAND ME 04101

HARTFORD INSURANCE COMPANY - DEFENDANT

Attorney for: HARTFORD INSURANCE COMPANY
DAVID VERY
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

Filing Document: COMPLAINT

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00084

**DOCKET RECORD**

Minor Case Type: CONTRACT