STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland, ss, Clerk's Office

NOV 17 2015

RECEIVED

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-235

DAVID EMIL, as Executor of the
ESTATE OF ARTHUR D. EMIL,

      Plaintiff

v.

                                  ORDER

JASON SNYDER,

      Defendant

Before the court is a motion by defendant Jason Snyder to retain the case on the docket. The motion is opposed by plaintiff David Emil, as Executor of the Estate of Arthur Emil, and by two law firms who were named in a counterclaim filed by Snyder on July 17, 2012.

Procedural History

This case arises out of unsuccessful efforts to develop property in Westbrook. It was commenced by the Estate of Arthur Emil on May 18, 2012. On June 27, 2012 Snyder – appearing pro se – filed an answer to the complaint, and a scheduling order was issued (Wheeler, J.). On July 17 Snyder filed an amended answer asserting a counterclaim against the Estate and naming four other parties as additional parties on his counterclaim pursuant to M.R.Civ.P. 13(h).

The additional parties named in the counterclaim were (1) the law firm of Cohen Tauber Spievack & Wagner P.C., (2) the law firm of Sullivan & Worcester LLP, (3) Oded Aboodi as Trustee of the Arthur Emil 2006 Family Trust, and (4) David Emil in his individual capacity. None of the additional counterclaim parties were served until after a Rule 41(b) order was issued in this case on June 9, 2015, almost three years after Snyder filed his counterclaim.

On September 14, 2012 the Estate and Snyder, asserting that they were in settlement discussions, filed a joint motion to enlarge the ADR deadlines in the Scheduling Order by 30

days. That motion was granted by Justice Wheeler, as was a similar order a month later. In late November Justice Wheeler granted a motion by the Estate – consented to by Snyder – to enlarge all of the deadlines in the scheduling order by 120 days to allow settlement efforts to continue.

On March 5, 2013 the Estate and Snyder made a joint motion to stay "all remaining deadlines" for another 120 days – until July 2, 2013. That was granted by Justice Wheeler on April 1, 2013. That order was followed by 21 joint motions to continue the stays for periods of approximately 30 days each, all of which represented that the parties were making continuing efforts to resolve the case. These motions resulted in continuing the stay of all deadlines to March 25, 2015. On that date the Estate filed a further motion to stay all deadlines to April 30, 2015, stating that Snyder had represented that he needed to consult with others but anticipated that he would be able to implement a resolution of the case once he had done so. Snyder consented to that motion.

On April 30 the Estate made a final motion – again consented to by Snyder – to continue to stay all deadlines stating that Snyder had represented that he had made significant progress and was hopeful that he could implement the proposed resolution by May 31. After a telephone conference, the court (Horton, J.) granted a stay to June 6, 2015.

At a hearing on June 5, Justice Horton advised the parties that the case would be placed on a 41(b) list and if they chose to do so, they could move to retain the case on the docket. Counsel for the Estate stated that the Estate was seeking a dismissal with prejudice of all claims. Snyder stated that he would be consulting with family members to determine his course of action.

On June 9, 2015 Justice Horton issued an order under Rule 41(b) dismissing the case with prejudice unless a motion to retain the case on the docket was filed within 30 days.

On July 6, 2015 counsel appeared for Snyder and on his behalf filed the motion to retain the case on the docket that is now before the court. The Estate opposed that motion, and Snyder filed reply papers. At the same time he filed returns of service on Sullivan & Worcester LLP and on Cohen Tauber Spievack & Wagner P.C., served on July 22 and July 27, respectively.

2

Subsequently both Sullivan & Worcester and the Cohen Tauber firm appeared and filed memoranda opposing Snyder's motion to retain this case on the docket.

## Applicability of Rule 41(b)

The text of Rule 41(b)(1) and the decisions of the Law Court provide that, absent a showing of good cause to the contrary, the court "shall" dismiss an action for want of prosecution any time more than two years after the last docket entry showing any action taken by the plaintiff other than a motion for a continuance. *Worrey v. Fournier*, 1999 ME 78 ¶ 5, 729 A.2d 907 ("only a showing by the delinquent plaintiff of good cause to the contrary will quiet Rule 41's command that the court dismiss the action"), quoting *Burleigh v. Weeks,* 425 A.2d 623, 624 (Me. 1981).

In this case, where Snyder was a plaintiff with respect to his counterclaim, Rule 41(b)(1) is applicable if (1) for more than two years the docket shows no action other than motions for continuances and (2) Snyder has not made a showing of good cause.

Since the filing of Snyder's amended answer and counterclaim on July 18, 2012, the only docket entries prior to June 5, 2015 were two joint motions to enlarge the ADR deadlines, one consented-to motion to enlarge all scheduling order deadlines, 22 joint motions to stay all remaining deadlines, and two additional consented-to motions to continue to stay all deadlines. All of these motions were the functional equivalent of motions for continuances so, unless good cause has been shown, Rule 41(b)(1) is applicable.

Snyder argues that because the orders entered from March 2013 referred to deadlines being "stayed," he was entitled to rely on those orders in not pursuing his counterclaim. That argument will be considered below in connection with whether "good cause" has been shown. It would, however, elevate form over substance to suggest that Rule 41(b) is technically inapplicable because deadlines were "stayed" rather than "continued." Indeed, Snyder's July 6, 2015 motion to retain expressly equates stays and continuances. See Counterclaim Plaintiff's July 6, 2015 Motion to Retain on the Docket at pp. 2, 3.

3

<u>Good Cause</u>

In his July 6, 2015 motion to retain this case on the docket, Snyder argues that he "took diligent steps to retain a lawyer", that "Plaintiff David Emil moved for several stays or continuances," and that "the parties also sought to resolve the case by agreement." Counterclaim Plaintiff's Motion to Retain on the Docket at pp. 1-2. He also argues that his motion to retain should be granted because of the alleged merit of his counterclaim.

First, notwithstanding Snyder's attempt to ascribe all of the continuances to the Estate, the record in fact demonstrates that all but three of the continuances were sought jointly by the Estate and by Snyder and the remaining three continuances were sought by the Estate with Snyder's express consent.

Second, none of the continuances that were sought were sought for the purpose of allowing Snyder to retain counsel and there is nothing in the record to support Snyder's assertion that he took any steps to have a lawyer appear for him in this case prior to the entry of the Rule 41(b) order. According to an affidavit from the Estate's counsel, Snyder stated that he had consulted with several attorneys but wanted to avoid the expense of hiring counsel. Wykoff Affidavit ¶ 9.[1]

Third, the Law Court has rejected arguments that inaction based on settlement efforts, combined with assertions with respect to the merit of the delinquently prosecuted claims, constitutes "good cause" to avoid dismissal under Rule 41(b). *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo P.C.,* 544 A.2d 748, 749 (Me. 1988). *See also Leadbetter International Trucks Inc. v. State Tax Assessor,* 483 A.2d 1226, 1231-32 (Me. 1984) (fact that a party may have a strong case on the merits does not prevent dismissal of claim based on inactivity under Rule 41(b)).

---

[1] Snyder apparently attended law school for one year. *Id.* The pro se pleadings he filed are as sophisticated as those authored by lawyers. *See, e.g.,* Defendant's Amended Answer to Plaintiff's Complaint and Counterclaims filed July 17, 2012.

4

Initially, the parties represented that because Snyder had limited financial resources, they were exploring a settlement that would allow him to proceed with development of the Westbrook site. Plaintiff's Consented-to Motion to Enlarge filed November 16, 2012 ¶ 4. As time went on, the various stay motions indicated that resolution of the case depended on Snyder and repeatedly reported representations by Snyder that he was very close to resolving the case once he had an opportunity to consult with various persons. *E.g.,* Joint Motions filed April 14, 2014, August 18, 2014, and November 20, 2014; Plaintiff's Consented to Motion filed March 25, 2015. All of this is entirely consistent with Wykoff's sworn statements that Snyder repeatedly represented that he wanted to dismiss his claims but needed to straighten out matters with certain family members before he could do so.[2]

Both the court record and the Wykoff affidavit demonstrate that this is not a case where Snyder was lulled into inactivity by promises of settlement and then ambushed by Rule 41(b). The record demonstrates that it was Snyder who kept saying that he was about to resolve the action and that it was Snyder who kept dragging his feet with settlement efforts that were desultory at best. If anyone was lulled into inactivity by promises of settlement in this case, it was the plaintiff Estate.

Perhaps the most salient point demonstrating Snyder's absence of good cause in this case is that he did not serve his counterclaim on any of the additional parties named in the counterclaim for more than three years after the counterclaim was filed. The two law firms, who assert that they had no prior notice of this action, were not served until after the filing of the Rule 41(b) order. Moreover, as far as the court is aware Snyder has <u>never</u> served either Obed Aboodi, Trustee of the Arthur Emil 2006 Family Trust, or David Emil in his individual capacity.

---

[2] Snyder has not controverted any of the statements in the Wykoff affidavit, either by affidavit or otherwise. He does contend that Wykoff's affidavit recounts settlement discussions that are inadmissible under M.R.Evid. 408. However, that rule only precludes settlement discussions as evidence with respect to the validity of a claim. In this case Wykoff's affidavit is admissible with respect to Snyder's inaction during the 35 months that elapsed between the filing of his amended answer and the issuance of the Rule 41(b) order.

Snyder appears to argue that his deadline for making service was stayed but the first order that would have arguably have stayed the 90-day deadline under M.R.Civ.P. 3 was Justice Wheeler's order granting the joint motion to stay all deadlines on April 1, 2013. None of the prior orders addressed the deadline for service. As of April 1, 2013, Snyder's deadline for filing returns of service on the additional parties under M.R.Civ.P. 3 had already expired more than five months earlier.

Perhaps more importantly, even if deadlines were stayed, the action itself was not stayed and Snyder was not prevented from serving the additional parties or from taking some action to pursue his claims. Snyder argues that he had good cause for his inaction because of the court's orders staying various deadlines, but he did not need to seek leave of court to engage in some affirmative act to prosecute his counterclaim before it became subject to dismissal for "staleness" under Rule 41. *See Burleigh v. Weeks,* 425 A.2d at 624. Instead, as the joint motions demonstrate, all Snyder did was repeatedly represent that he was just about to resolve the case.

On this record, Snyder has not shown good cause why this action should not be dismissed under Rule 41(b).

The entry shall be:

Defendant's motion to retain the above-captioned case on the docket is denied and the case is dismissed with prejudice. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 17, 2015

Thomas D. Warren
Justice, Superior Court

6

DAVID EMIL
24 WEST 57TH STREET
NEW YORK, NY. 10019

JACOB MANEIMER, ESQ.
PIERCE ATWOOD
MERRILLS WHARF
254 COMMERCIAL STREET
PORTLAND, ME. 04101
For the Plaintiff David Emil

ROBERT A. RUESCH, ESQ
VERRIL DANA, LLP.
ONE PORTLAND SQUARE
P.O. BOX 586
PORTLAND, ME. 04112
For 3rd Party Defendant Cohen, Tauber, Spievack, & Wagner. PC

RUSSELL PIERCE, ESQ.
NORMAN, HANSON, & DETROY, LLC.
TWO CANAL PLAZA
P.O. BOX 4600
PORTLAND, ME. 04112
For Defendant Jason Snyder

ROBERT P. CUMMINS, ESQ.
NORMAN, HANSON, & DETROY, LLC.
TWO CANAL PLAZA
P.O. BOX 4600
PORTLAND, ME. 04112
For Defendant Jason Snyder


JOSHUA D. HADIARIS, ESQ
NORMAN, HANSON, & DETROY, LLC.
TWO CANAL PLAZA
P.O. BOX 4600
PORTLAND, ME. 04112
For Defendant Jason Snyder


JOHN WHITMAN, ESQ
RICHARDSON, WHITMAN, LARGE & BADGER
465 CONGRESS STREET
P.O. BOX 9545
PORTLAND, ME. 04112
For 3rd Party Defendant Sullivan & Worcester, L.L.P.


ERIC J. WYCOFF, ESQ.
PIERCE ATWOOD
MERRILLS WHARF
254 COMMERCIAL STREET
PORTLAND, ME. 04101
For Plaintiff David Emil