William **BUFFINGTON**

v.

Marcus A. **ARNHEITER.**

Marcus A. **ARNHEITER**

v.

William **BUFFINGTON.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1990.
Decided July 3, 1990.

John S. Jenness, South Paris, for plaintiff.

Marcus A. Arnheiter, Center Lovell, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

Marcus A. Arnheiter appeals from the judgments of the Superior Court (Oxford County, *Delahanty, J.*) affirming the judgments entered in the District Court (South Paris, *Gaulin, J.*) in favor of William Buffington. These two actions arose out of Arnheiter's employment of Buffington, who operated a motor vehicle repair business in South Paris, to repair an automobile owned by Arnheiter. Buffington commenced a small claims action against Arnheiter, who subsequently filed a separate small claim against Buffington. Both claims were heard together and a judgment entered for Buffington on both claims. Arnheiter appealed to the Superior Court from both of the judgments, seeking a jury trial *de novo* in both actions. The Superior Court denied Arnheiter's appeal from the judgment in the actions instituted by Buffington against Arnheiter on the ground that Arnheiter's affidavit failed to comply with the requirements of M.R.Civ.P. 56(e) and M.R.S.C.P. 11(d)(2). The Superior Court denied Arnheiter's appeal from the judgment in the action instituted by Arnheiter against Buffington on the ground that M.R.S.C.P. 11(d)(1) restricted the appeal by a plaintiff to questions of law only.

Maine Rule of Small Claims Procedure 11(d)(2) provides that the defendant seeking a jury trial *de novo* in the Superior Court in a small claims action submit an affidavit in compliance with M.R.Civ.P. 56(e). Rule 56(e) requires that such an affidavit shall be made on "personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The jurat to the affidavit filed by Arnheiter recites that the statements contained in his affidavit are "true and correct to the best of his knowledge, information and belief." In *Bird v. Town of Old Orchard Beach*, 426 A.2d 370, 376 (Me.1981), we held that this language in a jurat fails to show affirmatively that the affiant is competent to testify to facts that may be set forth in the body of the affidavit and is fatally defective for noncompliance with M.R.Civ.P. 56(e). The Superior Court properly denied Arnheiter's appeal requesting a jury trial *de novo* in Buffington's small claims action against him.

In *Ela v. Pelletier*, 495 A.2d 1225, 1227, 1229 (Me.1985), we explained that a plaintiff in an action that qualifies as a small claim can bring the action in the Superior Court and request a jury or can resort to the small claims procedure and have the action tried in the District Court before a judge without a jury. If a plaintiff chooses to institute his action in the District Court to be tried without a jury, any appeal by that plaintiff from the judgment rendered in the District Court is restricted to questions of law. Accordingly, the Superior Court properly denied Arnheiter's appeal requesting a jury trial *de novo* in the small claims action he had brought against Buffington. *See* M.R.S. C.P. 11(d)(1).

The entry is:

Judgments affirmed.

All concurring.