STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss                             CIVIL ACTION
                                        DOCKET No. AP-2003-14
                                                   AP-2003-15
                                                   AP-2003-16



DARLING'S BANGOR FORD,        )
                              )
                              )
            Plaintiff         )
                              )
v.                            )         DECISION AND
                              )         ORDER
                              )
FORD MOTOR COMPANY,           )
                              )         DONALD L. GARRECHT
                              )            LAW LIBRARY
                              )
            Defendant         )
                                        DEC 4 2003

This matter is before the Court on the Plaintiff's, Darling's Bangor Ford (**herein, "Darling's**) on appeal pursuant to Rule 76D of the Maine Rules of Civil Procedure from judgment entered by the District Court on April 18, 2003, in favor of the Defendant, Ford Motor Company (**herein, "Ford"**). Darling's seeks recovery from Ford for warranty work on three small claims.[1]

## Background

Darling's, an automobile dealer/franchisee, and Ford, an automobile manufacturer/franchisor, are parties to a Sales and Services Agreement (**herein, "Agreement"**)[2], under which Darling's is authorized to sell and service Ford vehicles.

Under this Agreement, Darling's is required to repair Ford vehicles under warranty from Ford at no cost to the customer. According to the terms of the Agreement, warranty repairs are to be performed in accordance with the warranty and the applicable provisions

---

[1] Darling's seeks to recover damages for warranty work it recovered on three separate vehicles. In AP-03-14, Darling's replaced all eight injectors in the diesel engine of a large truck. In AP-03-15 and AP-03-16, Darling's replaced control modules in the power train of an SUV and a Ranger pick-up truck.

[2] *See* Ford Sales and Service Agreement, dated September 20, 1989, and attached as Defendant's Exhibit 4.

1

of the Warranty and Policy Manual (**herein, "Manual"**).[3] The Agreement also provides that Darling's claims for reimbursement from Ford for warranty work done at no charge to the customer must be submitted in accordance with the Manual.

The Manual states that "[d]ealers who do not administer the Warranty and Policy program effectively may be placed on . . . Prior Repair Approval." *See* Ford's Warranty and Policy Manual, October 2001, p. 8-3, attached as Darling's Exhibit 948-2. The Manual also states that certain types of repairs and claims require prior approval, including "Items specified to the dealer by the Company (i.e., if dealer is on a dealer panel)." Id. at 1-1. The Manual specifically states:

> Ford Motor Company has established a number of programs involving groups of dealerships to assist in early vehicle concern identification or warranty cost control (examples include **the RTDA program** and Digital Imaging). These programs may require dealerships to obtain prior approval before initiating certain repairs. Failure to obtain prior approval may result in the denial of claim payment.

Id. at 1-3 (emphasis added).

By statute, Ford is required to reimburse Dealers, such as Darling's for these warranty repairs. Ford is obligated to pay Darling's for labor involved in the warranty work at the retail rate customarily charged by Darling's to all of its customers. Ford is required to compensate Darling's for parts, on large vehicles by an amount that "adequately and fairly" compensates Darling's and for smaller vehicles, the retail rate customarily charged by Darling's to all of its customers. *See* 10 M.R.S.A. §1176; *see also* Findings of Fact and Conclusions of Law of the Bangor District Court (Russell, J.).

---

[3] The Manual, in turn, states that it is "a supplement to and an extension of the Sales and Service Agreement and the warranty statements." *See* Ford's Warranty and Policy Manual, October 2001, Introduction, ¶1, which is attached as Darling's Exhibit 948-3.

2

Ford uses a nationwide computerized system to reimburse Darling's for parts and labor utilized for warranty repairs.

At issue is a Ford Program, Real Time Diagnostic Assistance program (**herein, "RTDA"**), which the Manual makes reference to[4], and which Darling's was placed under for Diesel Engine Injectors on 1999-2002 model trucks, as well as for powertrain control modules in certain vehicles. Under this program, Ford gathers information from a group of dealers regarding vehicles brought in for repairs that implicate particular vehicle components, "in order to improve dealers' problem-diagnosis and prevent unnecessary replacement of those components when repair might be a viable alternative." Ford's Brief at p. 4. Dealers are selected for the RTDA program based on their having a record of replacing an abnormally high number of the subject components. Under RTDA, for a specific period of time dealers are required to obtain approval from RTDA personnel prior to replacing a subject component, and lack of such approval will result in rejection of a reimbursement claim.

Ford informed Darling's by letter, dated August 10, 2001, that they were being placed on an RTDA panel for Diesel Engine Injectors on 1999-2002 trucks. Ford informed Darling's by letter, dated November 30, 2001, that they were being placed on an RTDA panel for powertrain control modules in certain listed vehicles, including 2001 Ford Rangers and 2002 Ford Explorers. Both letters contained a statement notifying Darling's that approval from RTDA program personnel must be sought prior to replacement of the parts referenced supra, and that lack of such approval could result in the rejection of a reimbursement claim.

---

[4] *See* Ford's Warranty and Policy Manual, October 2001, p. 1-3, attached as Darling's Exhibit 948-2.

On March 14, 2002, Darling's replaced all eight diesel engine injectors on a 1999 truck, without first calling RTDA program personnel for prior approval. Ford repeatedly rejected Darling's' claims for reimbursement on this repair for lack of an RTDA code. Subsequently, Darling's obtained an RTDA code for this claim,[5] but Ford rejected the claim in light of "fuel-contamination concerns."[6]

On January 1, 2002, Darling's repaired the powertrain control module on a 2002 Ford Explorer, and on April 2, 2002, Darling's repaired the powertrain control module on a 2001 Ford Ranger. Both of these repairs were also made without first calling for RTDA prior approval. Ford rejected Darling's' claims for reimbursement on these two repairs for lack of an RTDA code. Subsequently, Darling's obtained RTDA codes for these claims,[7] which Darling's submitted to Ford on July 15, 2002. Ford paid these two claims, but for less than the full-amount Darling's sought.

Darling's contends that Ford cannot refuse to pay a valid warranty claim for the sole reason that Darling's failed to obtain prior approval before effecting the repairs because of the Maine statutory requirements, specifically, 10 M.R.S.A. §1176. Ford contends, and the District Court agreed, that the request for prior approval for specific repairs under its RTDA program is a reasonable requirement and that enforcement of such a requirement by refusing to pay for repairs completed in violation thereof is not

---

[5] After the fact, Darling's was able to convince the local Ford representative, Anne W. Green, to attempt a retro-approval under the RTDA program.

[6] The District Court found that more likely than not, this repair was a valid warranty repair, meaning it was necessary and in fact performed. *See* Findings of Fact and Conclusions of Law of the Bangor District Court (Russell, J.).

[7] After the fact, Darling's was able to convince the local Ford representative, Anne W. Green, to attempt a retro-approval under the RTDA program.

precluded by 10 M.R.S.A. §1176. Ford also asserts that the RTDA program is binding on Darling's under its contract with Ford.

## Discussion

### A. Standard of Review

Pursuant to Rule 76D of the Maine Rules of Civil Procedure, Darling's as the Plaintiff, may appeal only on questions of law. Furthermore, "[a]ny findings of fact of the District Court shall not be set aside unless clearly erroneous." M.R.Civ.P. 76D. Thus, unless the District Court committed an error of law in concluding that 10 M.R.S.A. §1176 does not bar Ford from requiring prior approval of the subject warranty repairs and enforcing that requirement by withholding reimbursement on repairs done in disregard thereof, the judgment must be affirmed. *See, e.g.,* Buffington v. Arnheiter, 576 A.2d 751, 752 (Me. 1990) (holding that an appeal by a Plaintiff from a District Court judgment to the Superior Court is restricted to questions of law).

### B. 10 M.R.S.A. §1176.

Resolution of this case turns on the interpretation of 10 M.R.S.A. §1176.[8] Darling's contends that Ford cannot refuse to pay valid warranty claims for the sole

---

[8] §1176, entitled "Warranty" provides in pertinent part as follows:

> If a motor vehicle franchisor requires or permits a motor vehicle franchisee to perform labor or provide parts in satisfaction of a warranty created by the franchisor, the franchisor shall properly and promptly fulfill its warranty obligations . . . Any claim made by a franchisee for compensation for parts provided or for reimbursement for labor performed in satisfaction of a warranty must be paid within 30 days of its approval. All the claims must be either approved or disapproved within 30 days of their receipt. When any such claim is disapproved, the franchisee that submitted it must be notified in writing of its disapproval within that period, together with the specific reasons for its disapproval. No franchisor may, by agreement, by restriction upon reimbursement, or otherwise, restrict the nature or extent of labor performed or parts provided so that such restriction impairs the franchisee's ability to satisfy a warranty created by the franchisor by performing labor in a professional manner or by providing parts required in accordance with generally accepted standards.

reason that Darling's failed to obtain prior approval before effecting the repairs because of §1176.

The Law Court has established that manufacturers are entitled to institute reasonable procedural requirements relating to warranty reimbursement, and the absence of an affirmative statutory command that a dealer adhere to a particular procedural requirement does not necessarily bar manufacturers from imposing such a requirement. *See e.g.*, Acadia Motors, Inc. v. Ford Motor Co., 2002 ME 102, ¶11, 799 A.2d 1228 (holding that Ford was entitled to institute a surcharge to recover the higher costs of doing business in Maine caused by §1176's requirement of retail reimbursement). When the Law Court reviewed this statute in Darling's d/b/a Darling's Bangor Ford v. Ford Motor Company, 1998 ME 232, ¶19, 719 A.2d 111, the Law Court concluded that Ford was within its right in imposing reasonable verification requirements and in imposing a reasonable time limit on the submission of warranty claims, although neither requirement appeared in the statute.

The Court concludes that Ford's request for prior approval for specific repairs under its RTDA program is likewise a reasonable requirement and that enforcement of such a requirement by refusing to pay for repairs completed in violation thereof is not precluded by §1176. The RTDA program is not a "barrier," but a reasonable procedure. This program does not affect whether or not the warranty work will be done, rather it only affects whether the problem with the vehicle requires a new component or whether the component already in the vehicle can be repaired. Furthermore, the RTDA program only targets specific dealers with regard to specific vehicles and specific repairs on those

---

10 M.R.S.A. §1176.

vehicles for a specific period of time. There is nothing unreasonable or unduly burdensome about this program, which causes it to violate §1176.

## C. The Parties' Franchise Agreement.

Ford also has the right to impose the prior approval requirements under its RTDA program according to the terms of the parties' Franchise Agreement, which is a basis independent of 10 M.R.S.A. §1176. Darling's is bound by the requirements of the RTDA program under its Franchise Agreement with Ford, which includes the terms of the Agreement and the Manual.

The interpretation of an unambiguous contract is a question of law. Handy Boat Service, Inc. v. Professional Services, Inc., 1998 ME 134, ¶7, 711 A.2d 1306 (*citing* Town of Lisbon v. Thayer Corp., 675 A.2d 514, 516 (Me. 1996)). A contract is to be interpreted to reflect the parties' intentions as reflected in the written instrument, construed with regard for the subject matter, motive, and purpose of agreement, as well as the object to be accomplished. Handy Boat Service, Inc., 1998 ME 134, ¶7, 711 A.2d at 1308 (*citing* Bumila v. Keiser Homes of Maine, Inc., 1997 ME 139, ¶12, 696 A.2d 1091).

The unambiguous language in the Agreement and the Manual made the RTDA program binding upon Ford. The parties executed the Agreement for the purpose of authorizing Darling's to sell and service Ford vehicles. The Agreement explicitly states that warranty repairs are to be performed in accordance with the applicable provisions of the Manual, and the Manual explicitly states that it is a supplement to and an extension of the Agreement. The Agreement provides that Darling's claims for reimbursement for warranty work done at no charge to the customer must be submitted in accordance with

the Manual. The Manual includes a statement specifically warning Darling's that it may be subject to an RTDA program requiring dealerships to obtain prior approval before initiating certain repairs, and that failure to obtain such approval could result in the denial of a claim payment.[9]

Ford informed Darling's by letter, dated August 10, 2001, that they were being placed on an RTDA panel for Diesel Engine Injectors on 1999-2002 trucks. By letter dated November 30, 2001, Ford informed Darling's that they were being placed on an RTDA panel for powertrain control modules for 2001 Ford Rangers and 2002 Ford Explorers. Like the Manual, the letters explicitly warned Darling's that failure to obtain prior approval before effecting repair could result in the rejection of a reimbursement claim.

When Ford rejected Darling's' claims for reimbursement on the three repairs at issue for failing to first obtain RTDA approval before effecting repair, Ford did so pursuant to the explicit terms of the Franchise Agreement between the parties. Construing the Agreement and the Manual as one document to reflect the parties' intentions concerning Darling's obligation to repair Ford vehicles under warranty from Ford at no cost to the customer, the Court concludes that the RTDA program unambiguously applies to the diesel engine injector repair and the powertrain control module repairs at issue.

## Conclusion

The District Court correctly concluded that 10 M.R.S.A. §1176 does not bar Ford from implementing the RTDA program, which requires prior approval for specific

---

[9] *See* Ford Sales and Service Agreement, dated September 20, 1989, and attached as Ford's Exhibit 4; *see also* Ford's Warranty and Policy Manual, October 2001, attached as Darling's Exhibit 948-3.

8

warranty repairs and enforces this requirement by withholding reimbursement on repairs done in disregard thereof. Furthermore, the RTDA program is contractually binding on Darling's under its Franchise Agreement with Ford.

Accordingly, the entry is:

Appeal **DENIED**. Decision of the Bangor District Court **AFFIRMED**.

DATED: November 26, 2003

_____
**Justice, Maine Superior Court**

9

Date Filed __5/13/03__     __PENOBSCOT__     Docket No. __AP-2003-14__
County

Action __SMALL CLAIMS APPEAL__

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

DARLING'S BANGOR FORD (APPELLANT)    VS.   FORD MOTOR COMPANY (APPELLEE)

| Plaintiff's Attorney | | Defendant's Attorney |
|---|---|---|
| EATON PEABODY<br>P O BOX 9<br>BRUNSWICK, ME. 04011<br>BY: JUDY METCALF, ESQ. | EATON PEABODY<br>P O BOX 1210<br>BANGOR, ME 04401<br>BY: PETER KLEIN,<br>ESQ. | VERRILL & DANA<br>ONE PORTLAND SQUARE<br>PORTLAND, ME 04112-0586<br>BY: DANIEL L. ROSENTHAL, ESQ. |

| Date of Entry | |
|---|---|
| 5/13/03 | Appeal from District Court, District III, Southern Penobscot, Bangor, ME. (Small Claims Docket No. BAN-02-SC-948) The following pleadings were received and filed. |

1. Statement of Claim. (Small Claims)
2. Domestic Return of Service on Ford Motor Company. (S.D. 11/20/02. By: William Richardson, Special Assistant Secretary)
3. Notice of Small Claims Hearing.
4. Defendant's Motion to Re-Set Hearing For Date and Time Certain, together with Court's Ruling granting continuance.
5. Plaintiff's Objection to Defendant's Motion to Re-Set Hearing For Date and Time Certain.
6. Notice of Appearance for Plaintiff by Judy A.S. Metcalf, Esq., and Peter D. Klein, Esq.
7. Plaintiff's Exhibit #1 and #2.
8. Defendant's Exhibit #1, 3, and 4.
9. Order on Defendant's Motion to Continue dated 12/24/02.
10. Letter received by Plaintiff's Attorney Judy Metcalf with three Plaintiff's exhibits - 3-948, 949-3, 4-948, 950-3, and copy of Richard Wooten's deposition pages 100, line 21 through page 103, line 4.
11. Revised errata sheet for Richard Wooten's original trial transcript.
12. Three Attachments.
13. Brief of Defendant Ford Motor Company.
14. Plaintiff's Closing Argument.
15. Findings and Conclusions dated April 18, 2003.
16. Notice of Judgment (Small Claims) dated April 18, 2003.
17. Notice of Appeal Small Claims by Plaintiff.
18. Certified copy of District Court Docket Entries.
19. Original Transcript of the Telephone Deposition of Anne W. Greene taken 1/14/03 before Maureen Lockhart-Wagner, Registered Merit Reporter.
20. Original Transcript of the Telephonic Depositon of Richard L Wooten taken 1/13/03 before Kimberly B. Arsenault, Registered Professional Reporter.
21. Correspondence.

Date Filed _____ 5/13/03 _____ _____ Penobscot _____ Docket No. ___ AP-2003-15 _____

County

Action ___ Small Claims Appeal _____

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**
**REASSIGNED TO JUSTICE ANDREW M. MEAD**

DARLING'S BANGOR FORD                    VS.        FORD MOTOR COMPANY

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| EATON PEABODY<br>P O Box 9<br>Brunswick ME 04011<br>BY: Judy A. S. Metcalf Esq<br>EATON PEABODY<br>P O Box 1210<br>Bangor ME 04402-1210<br>BY: Peter D. Klein Esq | VERRILL & DANA<br>P O Box ~~865~~ 586<br>Portland ME 04112<br>BY: Dan Rosenthal Esq |

| Date of Entry | |
|---|---|
| 5/13/03 | Appeal from District Court, District III, Southern Penobscot, Bangor, ME (BAN-02-SC-949) The following papers were received and filed:<br><br>1. Statement of Claim w Cert Mail Return Receipt (s.d. 11/20/02)<br>2. Notice of Small Claims Hearing<br>3. Defendant's Motion to Re-Set Hearing for Date and Time Certain.<br>4. Plaintiff's Objection to Defendant's Motion to Re-Set Hearing for Date and Time Certain<br>5. Notice of Appearance for Plaintiff.<br>6. Plaintiff's Exhibits 1-3<br>7. Order on Defendant's Motion to Continue (Russell, J.)<br>8. Plaintiff's Closing Argument<br>9. Brief of Defendant Ford Motor Company.<br>10. Findings & Conclusions (Russell, J.) 4/18/03<br>11. Notice of Judgment (Small Claims) (Russell, J.) 4/18/03<br>12. Notice of Appeal Small Claims by Plaintiff<br>13. Certified copy of District Court Docket Sheets |
| 5/19/03 | Notice and Briefing Schedule 76G Appeal of District Court Civil Action filed. Copy forwarded to all attorneys of record. |
| 5/22/03 | Notice of Reassigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially reassigned to Justice Andrew M. Mead. /s/Margaret Gardner, Clerk. Copy forwarded to all attorneys of record. |
| 5/28/03 | Mail addressed to Dan Rosenthal, Esq., returned by USPS as Not Deliverable as Addressed, Unable to Forward. Re-mailed this date to P O Box 586. (Notice and Briefing Schedule) |
| 5/30/03 | Copy of Notice of Reassigned Justice addressed to Dan Rosentahal Esq. return by USPS as Not Deliverable as addressed, Unable to Forward. Re-mailed to P O Box 586. |

Date Filed __5/13/03__ __Penobscot__ Docket No. __AP-2003-16__
County

Action _____ Small Claims Appeal _____

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

DARLING'S BANGOR FORD                    vs.        FORD MOTOR COMPANY

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| EATON PEABODY<br>P O Box 9<br>Brunswick ME 04011<br>BY: Judy A.S. Metcalf Esq<br>EATON PEABODY<br>P O Box 1210<br>Bangor ME 04402-1210<br>BY: Peter D. Klein Esq. | VERRILL & DANA<br>P O Box ~~865~~ 586<br>Portland ME 04112<br>BY: Dan Rosenthal Esq |

| Date of Entry | |
|---|---|
| 5/13/03 | Appeal from District Court, District III, Southern Penobscot, Bangor, ME (BAN-02-SC-950) The following papers were received and filed:<br><br>1. Statement of Claim with Certified Mail Return Receipt (s.d. 11/20/03)<br>2. Notice of Small Claims Hearing<br>3. Defendant's Motion to Re-Set Hearing for Date and Time Certain<br>4. Notice of Appearance on behalf of Plaintiff.<br>5. Plaintiff's Exhibits 1 & 2<br>6. Order on Defendant's Motion to Continue (Russell, J.) 12/24/02<br>7. Plaintiff's Closing Argument<br>8. Brief of Defendant Ford Motor Company<br>9. Findings and Conclusions (copy) dated 4/18/03 (Russell, J)<br>10. Notice of Judgment (Small Claims)(Russell, J.) 4/18/03<br>11. Notice of Appeal Small Claims by Plaintiff.<br>12. Certified copy of District Court docket entries |
| 5/19/03 | Notice and Briefing Schedule 76G Appeal of District Court Civil Action filed. Copy forwarded to all attorneys of record. |
| 5/28/03 | Mail addressed to Dan Rosenthal, Esq., returned by USPS as Not Deliverable as Addressed, Unable to Forward. Re-mailed this date to P O Box 586. |
| 6/23/03 | Plaintiff's Appeal Brief filed. |
| 7/23/03 | Brief of Defendant/Appellee Ford Motor Company filed. |
| 8/8/03 | Plaintiff's Reply Brief filed. Attachment attached. |
| 11/26/03 | Decision and Order filed. This matter is before the Court on the Plaintiff's, Darling's Bangor Ford **(herein, "Darling's)** on appeal pursuant to Rule 76D of the Maine Rules of Civil Procedure from judgment entered by the District Court on April 18, 2003, in favor of the Defendant, Ford Motor Company **(herein "Ford")**. Darling's seeks recovery from Ford for warranty work on three small claims. Accordingly, the entry is: Appeal **DENIED.** |

(over)