STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. AP-15-0024

**CALVARY SPV I, LLC,**

Plaintiff/Appellee

v.

**ORDER**

**DAVIDE PORRAZZO,**

Defendant/Appellant.

Davide Porrazzo appeals from a small claims judgment entered for Calvary SPV I, LLC in the amount of $1,551.79 plus costs of $113.29 in Biddeford District Court (*Mulhern, J.*). For the reasons set out below, the court concludes that appellant is not entitled to request a jury trial de novo under Rule 11(d)(2) and the request is therefore denied. His notice of appeal, however, does properly raise independent questions of law, which will be heard on this appeal.

### Background

Final hearing in this small claims case took place in Biddeford District Court on July 7, 2015. Plaintiff/appellee did not present any live witnesses at the hearing but rather submitted an affidavit setting forth what it believed were sufficient facts and evidence to meet its burden of proof. Although defendant/appellant appeared in person at the call of the case he left before the hearing commenced, choosing to have his attorney appear for him at the hearing. On the basis of the affidavit presented and admitted into evidence, judgment was granted for appellee. The judgment was entered on the docket on July 15, 2015.

1

Appellant filed a timely notice of appeal on August 12, 2015. The notice of appeal requested a jury trial de novo. The notice of appeal was accompanied by Davide Porrazzo's affidavit, which set out in more detail the grounds for the appeal and the request for a jury trial de novo.

The affidavit listed five questions of law (see below) as well as approximately 20 paragraphs purporting to set out disputed material facts in support of the jury trial request. The affidavit was signed and notarized on August 12, 2015. Its jurat reads: "Personally appeared before me the above-named Davide Porrazzo and made oath that the foregoing facts and allegations are true and correct to the best of his knowledge, information and belief and to the extent that they are based upon information and belief, he believes them to be true."

On October 23, 2015 the court issued an order indicating that upon initial review "there is a genuine issue as to material fact" that may provide grounds for a de novo jury trial; however, because the notice of appeal seemed ambiguous a conference of counsel was ordered.

The conference was held on December 8, 2015, following which the court issued an order of the same date directing the parties to brief two preliminary issues: (i) Whether a defendant appealing from a District Court small claims judgment under Rule 11 of the Maine Rules of Small Claims Procedure may take an appeal simultaneously on questions of law and on issues triable of right by a jury trial de novo?[1] (ii) In this

---

[1] Small Claims Rule 11(d) delineates the types of appeals that may be taken from District Court to Superior Court in small claims actions, and prescribes a number of procedural requirements. A plaintiff who takes such an appeal is limited to an appeal "on questions of law only," and the Superior Court is directed to determine the appeal "without a jury" and "on the record on appeal prepared as provided in paragraph (3) of this subdivision." M.R.S.C.P. 11(d)(1) An appeal by a defendant "may be on questions of law only, or, on any issue so triable of right, by a jury trial de novo at the election of the defendant." M.R.S.C.P. 11(d)(2)

instance, if Mr. Porrazzo has elected or otherwise properly requested a de novo jury trial, whether his notice of appeal complies with the requirements of Small Claims Rule 11(d)(2) and is otherwise sufficient?

## Request for De Novo Jury Trial

Rule 11(d)(2) requires that a defendant who appeals a small claims judgment and who elects a jury trial de novo in Superior Court "shall file with the notice [of appeal] an affidavit or affidavits *meeting the requirements of Rule 56(e) of the Maine Rules of Civil Procedure* detailing the specific facts showing that there is a genuine issue of material fact as to which there is a right to trial by jury." M.R.S.C.P. 11(d)(2) (emphasis added).

Rule 56(e) requires, among other things, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein." An affidavit containing a jurat stating that statements made therein are "true and correct to the best of [an affiant's} knowledge, information and belief" does not comply with Rule 56(e) and has been determined to be fatally defective under the Rule. *Buffington v. Arnheiter*, 576 A.2d 751, 752 (Me. 1990).

Accordingly, the court concludes that defendant's affidavit is defective. His request for a jury trial de novo is denied.

## Questions of Law

Defendant's notice of appeal raises five questions of law:

1. Did Plaintiff meet its burden of proof to prove it owns the debt at issue?

---

(emphasis added) Upon further reflection, because the court has determined that appellant's request for a jury trial de novo does not comply with the requirements of the rules and because he also identified questions of law in its notice of appeal, it is unnecessary to decide this issue.

3

2. Did Plaintiff meet its burden to show $1,551.79 was the correct amount of principal owed on the account?

3. Did allowing the Plaintiff to proceed without a witness representing the company violate the Confrontation Clause in the United States and Maine Constitutions?

4. Was the affidavit and attachments submitted by Plaintiff admissible under 16 M.R.S. § 355 or 33 M.R.S. § 151?

5. Did the affidavit and attachments include documents that were created for the purposes of litigation and should not be admissible in court?

This appeal shall proceed forward under Rule 11(d) to address these five questions of law without a jury and on the record prepared in accordance with Rule 11(d)(3). Counsel shall also assure that the record on appeal is complete and timely filed.

Briefs addressing the foregoing issues shall be filed as follows.

| | |
|---|---|
| Appellant's brief filed by: | Tuesday April 19, 2016 |
| Appellee's brief filed by: | Monday May 16, 2016 |
| Appellant's reply brief filed by: | Thursday May 26, 2016 |

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED**

DATE: March 3, 2016

Wayne R. Douglas
Justice, Superior Court

4