Not an exhibit; prepared for illustrative purposes only.

**1998 ME 168**

**Kathy KINGSBURY**

v.

**Robert FORBES et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 11, 1998.
Decided June 30, 1998.

**150** ■

Richard G. Cervizzi, Scarborough, for Plaintiff.

John E. Geary, Falmouth, for Defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

SAUFLEY, Justice.

[¶ 1] Robert Forbes appeals from a judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) dismissing, pursuant to M.R.Civ.P. 41(b), his appeal from a small claims judgment in the District Court (Portland, *Goranites, J.*). Forbes argues that he was not required to take any affirmative action to prosecute his appeal until notified to do so by the court. We disagree and affirm the judgment.

[¶ 2] In July 1994, Kathy Kingsbury filed a small claims action against Robert Forbes and Steve Forbes arising out of the sale of a truck. After a hearing, judgment was entered against both defendants.[1] On October

14, 1994, Robert Forbes filed a notice of appeal pursuant to M.R.Civ.P. 76D.[2] He also filed an affidavit, setting forth the grounds for the appeal and seeking relief as follows:

> I would appeal the judgement against me on question of law[.] I understand that the absence of transcript makes such appeal difficult. Should the court be unwilling to allow appeal on question of law, I respectfully request a new hearing de novo.

[¶ 3] In October 1994, the case was transferred to the Superior Court, and the clerk notified the parties that the case was entered on the docket. No further action of record was taken for nearly three years. Forbes made no inquiry about the status of his appeal, nor did he file any motion, request or other document with the clerk's office. On September 11, 1997, the Superior Court placed Forbes's appeal on the Rule 41(b) list. The court's order provided that "[i]f no motion to retain on the docket is filed within thirty days of this order, the following cases are dismissed with prejudice and without further notice under M.R.Civ.P. 41(b)." Forbes subsequently moved to retain the case on the docket alleging that "[no] further action has been taken by the court" and that Forbes had "been waiting for his jury trial to be scheduled." The court nonetheless dismissed the appeal, noting that "Forbes has not taken any efforts to prosecute his appeal in three years...." This appeal followed.

■ [¶ 4] Pursuant to M.R.Civ.P. 41(b)(1), "[t]he court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance." We have stated that "good cause" is a flexible concept and its application requires the trial court to consider "the cir-

---

1. The defendants were required by that Judgment to return $2,500 to Kingsbury upon her return of the truck to them. The person identified in the complaint as Steve Forbes (a/k/a Eric Storey) did not Join the appeal from the small claims Judgment and has not participated in the instant appeal.

2. Rule 76D governs appeals to the Superior Court from Judgments of the District Court. Forbes claims that the clerk inadvertently provided him with the Rule 76D notice of appeal, instead of the notice of appeal for small claims Judgments. *See* M.R.S.C.P. 11(d)(2).

cumstances of each individual case and then to make its determination by exercising a sound discretion." *Emerson v. A.E. Hotels, Inc.*, 403 A.2d 1192, 1193 n. 2 (Me.1979). We review the dismissal of an action pursuant to Rule 41(b) to determine whether the court exceeded the bounds of its discretion. *See West Point–Pepperell, Inc. v. State Tax Assessor*, 1997 ME 58, ¶ 7, 691 A.2d 1211, 1213.

[¶ 5] To establish good cause, Forbes points to the responsibility of the clerk's office to notify him of the next step in the proceedings. When a defendant in a small claims proceeding appeals from a judgment entered in the District Court, there are three possible courses of action that may follow. If the defendant has not demanded a jury trial, the appeal will be on questions of law and the court will be guided by Maine Rules of Civil Procedure 76F, 76G, and 76H(d). *See* M.R.S.C.P. 11(d)(1), (2), (3), (5); M.R.S.C.P. 11(e). If the defendant has demanded a jury trial and the court concludes that there is a genuine issue of material fact for trial, then the action will be tried to a jury pursuant to M.R.Civ.P. 80L. *See* M.R.S.C.P. 11(d)(2); M.R.Civ.P. 80L(c)(2).[3] If the defendant has demanded a jury trial, and the court concludes that the defendant has not shown that there is a genuine issue of material fact for trial, the appeal must be dismissed unless either party has raised an independent question of law for the court. *See* M.R.Civ.P. 80L(c)(3).

[¶ 6] Although Forbes contends that his appeal properly requested a jury trial, his notice of appeal was not clear on that point. Regardless, however, of the nature of the appeal, the file should have been presented to the court for a determination of the future course of the proceedings. Whether the matter was to be tried to a jury, heard on issues of law, or dismissed, the clerk's office and the court were responsible for the next step in the process. In the ordinary course, Forbes would have received an order regarding pretrial proceedings, a briefing schedule, or a notice of dismissal. It is clear from the

record, however, that the clerk did not present the file to the court for review of the sufficiency of Forbes's affidavit pursuant to M.R.Civ.P. 80L(c) or otherwise take any action pursuant to M.R.S.C.P. 11. Because he never received notification of the next step in the process, Forbes contends that he had no responsibility to pursue the matter or otherwise prosecute his appeal.

[¶ 7] We disagree with Forbes's position, however, because it completely disregards the duty of parties to pursue their rights with diligence. *See Leadbetter Int'l Trucks, Inc. v. State Tax Assessor*, 483 A.2d 1226, 1230–31 (Me.1984) (parties required to use due diligence in monitoring their cases); *S.D. Warren Co. v. Fritz*, 138 Me. 279, 25 A.2d 645 (1942). Moreover, notwithstanding the court's inaction, the dismissal of Forbes's appeal was consistent with the purpose underlying Rule 41(b). *See Burleigh v. Weeks*, 425 A.2d 623, 624 (Me.1981) (observing that Rule 41(b) is designed to allow court to "clear stale actions from its docket so that limited judicial resources may be expended on those cases to which the plaintiffs litigant have given the attention they would be expected to give meritorious causes of action."). In light of his separate duty to prosecute the appeal, Forbes's reliance on the clerk's office cannot constitute good cause for three years of inaction. This duty has particular force in view of the requirement that the Maine Rules of Small Claims Procedure be construed "to secure the just, *speedy*, and inexpensive determination of every action. . . ." M.R.S.C.P. 1 (emphasis added).

[¶ 8] The substantial period of dormancy seriously undermines Forbes's claim that he was merely waiting for the court to schedule a jury trial. Parties must be reasonably vigilant in assuring that their cases do not fall through the cracks. Requiring an inquiry into the status of a matter after a prolonged period of inaction places no onerous burden on a party. A simple phone call to the clerk's office in this case would have

---

**3.** "An appeal by a defendant may be on questions of law only or, on any issue so triable of right, by jury trial de novo at the election of the defendant." M.R.S.C.P. 11(d)(2). The appellant is required to file an affidavit or affidavits, meeting

the requirements of M.R.Civ.P. 56(e) and "setting forth specific facts showing that there is a genuine issue of material fact as to which there is a right to trial by jury." M.R.S.C.P. 11(d)(2).

brought the oversight to the clerk's attention and returned the case to its normal track.[4] Although dismissal is a severe sanction which should be invoked sparingly, *see State v. Bowring*, 490 A.2d 667, 669 (Me.1985), we will not allow an appellant to leave an appeal dormant for three full years. The Superior Court did not exceed the bounds of its discretion in determining that Forbes's failure to pursue a reasonably timely resolution of his appeal warrants that sanction.

The entry is:

Judgment affirmed.

DANA, Justice, with whom ROBERTS and CLIFFORD, Justices, join, dissenting.

[¶ 9] I respectfully dissent. The Court acknowledges that the clerk's office and the Superior Court "were responsible for the next step in the process," yet charges Forbes, a pro se party, with knowledge of an obligation to take some unspecified action to prosecute his appeal. It bases this responsibility on the general duty of parties to pursue their rights with diligence, supported by the purpose of the small claims procedure to secure the just, speedy, and inexpensive determination of every action. In fact, the Rules of Small Claims Procedure are to be "construed to secure the *just*, speedy, and inexpensive determination of every action in a *simple and informal* way." M.R.S.C.P. 1 (emphasis added). The Court's emphasis on the "speedy" resolution of claims, together with its omission of the Rule's "simple and informal" mandate, leads it to a result that is far from "just."

[¶ 10] In fact, the circuitous path that must be followed to come to the realization that Rule 41(b) applies in these circumstances would challenge even experienced civil practitioners. Starting with Small Claims Rule 11(d)(2), we learn that appeals from a judgment of the District Court in a small claims action in which a jury trial is demanded "shall be tried to a jury by the Superior Court in accordance with Rule 80L of the Maine Rules of Civil Procedure." By turning to Rule 80L(c)(5), we discover that

M.R.Civ.P. 41 applies to jury trials de novo in small claims appeals, "so far as applicable." Next, in order to determine whether Rule 41(b), which speaks in terms of inaction by a *plaintiff*, is in fact applicable to a small claims appeal brought by a *defendant*, it is necessary to go outside the Rules and glean from our decisions in *West Point–Pepperell, Inc. v. State Tax Assessor*, 1997 ME 58, 691 A.2d 1211, and *Leadbetter Int'l Trucks, Inc. v. State Tax Assessor*, 483 A.2d 1226 (Me. 1984), that perhaps the term "plaintiff" as used in Rule 41(b) does not always mean "plaintiff" in the literal sense of the word. It is difficult to imagine a procedure more remote from the goals of simplicity and informality than the convoluted course required to be followed here in order to determine Rule 41(b)'s applicability.

[¶ 11] A pro se party who has complied with the requirements of the rules and reasonably has placed the responsibility for the next step in the proceedings in the hands of the court, in my opinion, has demonstrated the good cause necessary to prevent dismissal pursuant to M.R.Civ.P. 41(b). Holding pro se litigants involved in small claims actions to the technical requirements of Rule 41(b) in circumstances where the court system has failed to fulfill its own responsibilities defeats the goal of providing a litigant-friendly procedure to resolve small claims disputes. I would therefore vacate the judgment of the Superior Court.

---

4. *Cf. Sarasota Cattle Co. v. Mikos*, 431 So.2d 260, 261 n. 1 (Fla.Dist.Ct.App.1983) ("[I]f an undue period elapses after filing a notice of trial, a tactful written reminder by counsel to the court, with a copy to opposing counsel, would seem appropriate.").