STATE OF MAINE                              SUPERIOR COURT
Sagadahoc ss.                               CIVIL ACTION
                                            DOCKET NO. AP-13-004 / 2013
                                            AMH - SAG - 11/7/

MARTINA SULLIVAN,

            Plaintiff/Appellant

       v.

BARRY ZIMMERMAN and
KELLY, REMMEL & ZIMMERMAN

            Defendants/Appellees

                           DECISION AND ORDER

       This matter is before the court on the appeal of Martina Sullivan from the small

claims judgment issued by the West Bath District Court in favor of Barry Zimmerman

and Kelly, Remmel & Zimmerman. *See* Sullivan v. Zimmerman, Docket No. WESDC-

SC-13-134, Notice of Judgment June 6, 2013 (Sparaco, J.). Oral argument on the appeal

and on pending motions was held November 5, 2013.

       *Pending Motions*

       The Defendants-Appellees have brought a motion to dismiss the appeal based

upon the Plaintiff-Appellant's asserted failure to perfect the appeal by filing a transcript

of the small claims hearing. The court elects to decide the motion in the context of

considering the appeal on its merits, and the motion is discussed further below.

       The Plaintiff-Appellant has filed a Motion to Remove Attorney Remmel based

on an asserted conflict of interest. At oral argument, she claimed that he is a witness

and therefore should be disqualified from representing Defendants-Appellees in this

case. The court noted that there are no witnesses during the appeal process, meaning

that, even assuming Mr. Remmel should have been a witness at the small claims

hearing, or would be a witness in the event of a remand for further hearing, he is not disqualified from appearing for the Defendants-Appellants for purposes of this appeal. Thus, Plaintiff-Appellant's Motion to Remove Attorney Remmel is denied.

*Merits of the Appeal*

When a plaintiff in a small claims proceeding appeals from a judgment entered in the District Court, the appeal will be on questions of law only and the court will be guided by Maine Rules of Civil Procedure 76F, 76G, and 76H(d). See M.R.S.C.P. 11(d)(1), (3), (5); M.R.S.C.P. 11(e). The "record on appeal" includes the original papers and exhibits filed in the District Court, a certified copy of the docket entries and a transcript of the hearing, if the hearing was recorded. M.R. Civ. P. 76F(a).

Plaintiff, as the appellant, has the burden of providing an adequate record. *Lamb v. Euclid Ambler Assoc., 563 A.2d 365, 367 (Me. 1989)*. Rule 76F(c) contemplates that when a transcript of the small claims hearing is available, it will be made part of the record on appeal. The Plaintiff-Appellant has elected not to include a full transcript of the trial proceedings, but only a partial transcript of the initial discussion among the parties and the court, before any testimony was taken.[1] There is no indication that a full transcript was unavailable and could not have been included in the record.

The absence of a full transcript precludes meaningful appellate review. *Id.; see also Kingsbury v. Forbes,* 1998 ME 168, ¶ 5, 714 A.2d 149, 151. In this case, review is

---

[1] The Rule also states in relevant part that:

> In any case in which electronic recording would be routine or has been timely requested under Rule 76H(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection, for use instead of a transcript.

M.R. Civ. P. 76F(c).

No statement of the evidence in lieu of a full transcript has been filed in this appeal.

limited to questions of law. Specifically, the Plaintiff-Appellant has to show that the small claims judgment was affected by an error of law. It is possible that the small claims court articulated its findings and conclusions on the record at the close of the hearing, but the absence of a transcript means that this court has no means of determining whether there was any error of law affecting the small claims judgment.

It is hereby ORDERED:

1. The appeal of Plaintiff-Appellant Martina Sullivan is hereby denied. The small claims judgment in favor of Defendants-Appellees in *Sullivan v. Zimmerman et al.*, WESDC-SC-13-134 dated June 6, 2013 is hereby affirmed.

2. Plaintiff-Appellant's Motion to Remove Attorney Remmel is denied.

3. Defendants-Appellants' Motion to Dismiss is dismissed as moot.

Pursuant to M.R. Civ. P. 79(b), the Clerk is hereby directed to incorporate this order by reference in the docket.

DATED: 7 Nov. 2013

_____
A. M. Horton, Justice

3

Date Filed 07/05/13          Sagadahoc County          Docket No. BATSC-AP-13-4

Action:  District Court Small Claim


Martina Sullivan                    vs.          Barry Zimmerman and
                                                 Kelly, Remmel and Zimmerman

Plaintiff's Attorney                             Defendant's Attorney
Pro-Se                                           Pro-Se
PO Box 357                                       PO Box 597
South Freeport, Maine 04078                      Portland, Maine 04112-0597