MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2019 ME 156
Docket:      Yor-18-463
Argued:      September 24, 2019
Decided:     October 31, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN,* JABAR, HJELM, and HUMPHREY, JJ.
Majority:    ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.
Dissent:     GORMAN, J., and SAUFLEY, C.J.


MANON COTE et al.

v.

ROGER VALLEE et al.


ALEXANDER, J.

[¶1]  Roger and Melody Vallee appealed to the Superior Court (York County, *O'Neil, J.*) from a small claims judgment entered in the District Court (Biddeford, *Foster, J.*) in favor of Manon Cote and Sylvain Theriault.  On that appeal, the parties invited and consented to the Superior Court deviating from the practice for small claims appeals as specified in our rules.  *See* M.R.S.C.P. 11; M.R. Civ. P. 76D, 76F, 80L.  The Superior Court affirmed the judgment against the Vallees subject to a modest reduction in the amount of damages that the District Court had awarded to Cote and Theriault.

---

  * Although not available at oral argument, Justice Gorman participated in the development of this opinion.  *See* M.R. App. P. 12(a)(2) ("A qualified Justice may participate in a decision even though not present at oral argument.").

2

[¶2] The Vallees now appeal to us from the Superior Court judgment because the process they specifically requested in that court led to a result that is not to their liking. Because parties to a proceeding may not, as a matter of strategy, invite changes in the process required by our rules and then, on appeal, claim that they were prejudiced by the process they requested, we affirm the judgment of the Superior Court.

## I. CASE HISTORY

[¶3] In December 2015, Manon Cote and Sylvain Theriault filed a statement of claim in the District Court seeking a small claims judgment against Roger and Melody Vallee for $6,000. Cote and Theriault alleged that the Vallees had violated the terms of a "license agreement" to provide Cote and Theriault's adjacent property with running water and that, as a result of this breach, Cote and Theriault were forced to install a new well. The District Court held a hearing on the claim in May 2016, after which it entered a judgment in favor of Cote and Theriault for $6,000 plus $92.17 in costs.[1]

---

[1] After the District Court entered its small claims judgment, the Vallees filed motions for additional findings and to alter or amend the judgment pursuant to M.R. Civ. P. 52 and 59. The District Court summarily denied both motions. Contrary to the Vallees' contention, the District Court's denial of their motions was proper because "motions made pursuant to M.R. Civ. P. 52 and M.R. Civ. P. 59 *are not available to litigants in a small claims proceeding.*" *Thomas v. BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 14, 843 A.2d 3 (emphasis added).

[¶4] The Vallees filed a timely notice of appeal with an embedded request for a jury trial in the Superior Court. *See* 4 M.R.S. § 105(3)(B)(2) (2018); M.R.S.C.P. 11; M.R. Civ. P. 80L. In their request for a jury trial, the Vallees asserted that there were "genuine issues of material fact" as to which they had the right to a trial by jury.[2] The Vallees indicated that the District Court hearing had not been recorded.

[¶5] After holding a hearing on the Vallees' request for a jury trial de novo, the Superior Court entered an order granting the request based on its determination that there were "adequate facts in dispute to justify a jury trial." In the same order, however, the Superior Court authorized the parties to file motions for summary judgment.[3] The Vallees filed a motion for summary judgment in December 2016. Contrary to the statement they had made in their

---

[2] The Vallees' request for a jury trial did not comply with the Maine Rules of Small Claims Procedure. When a defendant seeks a jury trial de novo in the Superior Court in a small claims action, he or she must submit an affidavit that complies with M.R. Civ. P. 56(e). *See* M.R.S.C.P. 11(d)(2). Rule 56(e) requires that an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In this case, the jurat to the affidavit signed by Roger Vallee, filed in support of the request for a jury trial, recited that the statements contained in his affidavit were "based upon his own personal knowledge, information and belief and so far as upon information and belief, he believes the information is true." This jurat and the substance of the affidavit "fail[] to show affirmatively that the affiant is competent to testify to facts that may be set forth in the body of the affidavit and is fatally defective for noncompliance with M.R. Civ. P. 56(e)." *Buffington v. Arnheiter*, 576 A.2d 751, 752 (Me. 1990). Accordingly, the Superior Court could have denied the Vallees' request for a jury trial on that basis alone. *See id.*

[3] The Superior Court order stated, "Because there is a claim that many of these issues involve undisputed factual issues and rulings with respect to issues of law, either party is entitled to file a motion for summary judgment by December 30, 2016."

request for a jury trial, the Vallees asserted in their motion that there were "NO issues of material fact" and that there was "simply no basis to have a trial." Cote and Theriault opposed the motion. After another hearing, the Superior Court denied the summary judgment motion, determining—once again—that there were genuine issues of material fact to be tried.

[¶6] A jury trial was eventually scheduled for October 2018, but, on the day of jury selection, the Vallees waived their jury trial request, and the parties informed the court that they were instead requesting a bench trial, which the court then scheduled. On the day of the bench trial, the court realized that the case had originated as a small claims matter and told the parties, correctly, "[Y]ou have a right to a jury trial de novo. I don't think you have a right to a bench trial de novo." The Vallees disagreed, saying, "[W]e can waive the jury because there's no law or rule that says you can't waive it . . . I think you can certainly waive it as we did here in this case." The Superior Court disputed that assessment, but agreed to proceed with the bench trial anyway if all parties consented, although allowing them to reserve the issue for appeal.

[¶7] The parties indicated that they wished to proceed with the bench trial, which the court then conducted. The day after the trial, having further reviewed the legal question of a party's right to a bench trial in this situation, the court concluded that it lacked the authority to conduct a bench trial de novo

on a small claims appeal. After discussing the matter in a chambers conference, the parties agreed that the court should proceed only with an appellate review of the District Court judgment. Additionally, because no record had been made of the small claims hearing, the parties stipulated that the evidence admitted at the Superior Court bench trial was the same as the evidence that had been admitted at the hearing in the District Court. The parties also agreed to rest on the legal arguments stated in their previously-filed memoranda regarding summary judgment.

[¶8] On October 25, 2018, the Superior Court entered a judgment affirming in part and vacating in part the District Court's small claims judgment. The Superior Court affirmed the District Court's determination that the Vallees were liable to Cote and Theriault, but found "inadequate evidence to support a judgment in the amount of $6,000." It therefore remanded the matter to the District Court for the entry of a judgment in favor of Cote and Theriault in the reduced amount of $5,196.84.[4] The Vallees then timely appealed to us. *See* 14 M.R.S. § 1851 (2018); M.R. App. 2B(c)(1).

---

[4] At oral argument, counsel for Cote and Theriault indicated that they do not challenge the reduction of damages as determined by the Superior Court.

6

## II. LEGAL ANALYSIS

[¶9]  The Superior Court has specific but limited appellate authority in small claims matters.  *Taylor v. Walker*, 2017 ME 218, ¶¶ 5-6, 173 A.3d 539; *see* 4 M.R.S. § 105(3)(B)(2); 14 M.R.S. § 7484-A(1) (2018); M.R.S.C.P. 11(d).  When, as here, "a defendant in a small claims proceeding appeals from a judgment entered in the District Court, there are three possible courses of action that may follow" in the Superior Court.  *Kingsbury v. Forbes*, 1998 ME 168, ¶ 5, 714 A.2d 149.

- If the defendant has not demanded a jury trial, the appeal will be on questions of law and the court will be guided by Maine Rules of Civil Procedure 76F, 76G, and 76H[(e)].[5]  *See* M.R.S.C.P. 11(d)(1), (2), (3), (5); M.R.S.C.P. 11(e).

- If the defendant has demanded a jury trial and the court concludes that there is a genuine issue of material fact for trial, then the action will be tried to a jury pursuant to M.R. Civ. P. 80L.  *See* M.R.S.C.P. 11(d)(2); M.R. Civ. P. 80L(c)(2).

- If the defendant has demanded a jury trial, and the court concludes that the defendant has not shown that there is a genuine issue of material fact for trial, the appeal must be dismissed unless either party has raised an independent question of law for the court.  *See* M.R. Civ. P. 80L(c)(3).

*Kingsbury*, 1998 ME 168, ¶ 5, 714 A.2d 149 (footnote omitted).

---

5  While there is an outdated reference to former M.R. Civ. P. 76H(d) in M.R.S.C.P. 11(d)(5), the ordering and filing of transcripts on appeal to the Superior Court is now governed by M.R. Civ. P. 76H(e) rather than (d).  *Compare* M.R. Civ. P. 76H (the current rule) *with* M.R. Civ. P. 76H (Tower 2014) (the former version of the rule).

[¶10]  Therefore, a defendant appealing to the Superior Court from a small claims judgment has only two options: (1) an appeal on questions of law based on the Superior Court's review of the District Court record prepared pursuant to M.R. Civ. P. 76F, or (2) a jury trial de novo after demonstrating that there exists a dispute of material fact pursuant to M.R. Civ. P. 80L.  The jury trial option preserves a defendant's constitutional right to a jury trial, which is not available in a District Court small claims setting.  *See Ela v. Pelletier,* 495 A.2d 1225, 1228-29 (Me. 1985).  There is no option for a second bench trial. *Ferguson v. Jackson*, 1997 ME 235, ¶ 3, 704 A.2d 378; *see also* M.R. Civ. P. 80L Advisory Committee's Notes 1986 (stating that small claims defendants only have the right "to a retrial by jury, not to a second court trial").  Rather, the District Court is the exclusive forum for a bench trial in small claims matters.

[¶11]  Here, the Superior Court was correct in its ultimate conclusion that it lacked authority to adjudicate the case de novo in a bench trial.  However, the parties' agreement for the Superior Court to conduct an *appellate* review of the District Court decision based on the record created in the Superior Court— which they stipulated was the same as that created in the District Court—was

not explicitly disallowed by the rules.[6]  After the Vallees withdrew their jury trial request, all parties agreed, in effect, that the appeal would be limited to questions of law based on the record developed in the Superior Court.  Because we now clarify that a Superior Court bench trial is *not* available in a small claims case, this unusual approach to creating a District Court record will not reoccur.

[¶12]  The Vallees acknowledge that they agreed to and in fact invited several material deviations from process required by the rules governing small claims appeals from the District Court to the Superior Court.  The Vallees (1) requested a jury trial but then claimed there were no disputes as to material facts; (2) waived the jury trial available in the Superior Court; (3) filed a motion for summary judgment, rather than brief the legal issues on appeal;[7] (4) agreed,

---

[6]  This case presents a different question from the one we addressed in *Tisdale v. Rawson*, 2003 ME 68, 822 A.2d 1136.  In that case, the Superior Court allowed an appealing small claims defendant to supplement the record created in the District Court with *new* evidence pursuant to M.R. Civ. P. 76F(b).  *Id*. ¶¶ 8-9, 13.  We held that the Superior Court erred because "Rule 76F(b) was not intended . . . to give litigants the opportunity to create a record on appeal by entering new evidence to aid the appellate court's analysis of the issues before it.  An appellate court must limit its review to the record developed by the trial court."  *Id*. ¶ 14.  In this case, the parties stipulated that the evidence created in the Superior Court was the *same* as was admitted in the District Court.  The rules of procedure do not compel us to disturb the parties' agreement in the particular—and peculiar—circumstances of this case, where the erroneous process by which the record on appeal was created was either invited or agreed to by the parties.

[7]  Motions for summary judgment are not authorized by the procedural rules governing small claims appeals to the Superior Court.  *See* M.R. Civ. P. 80L; M.R.S.C.P. 11.  Nonetheless, as with a motion for summary judgment, when examining a jury trial request in a small claims appeal, the Superior Court must make the threshold determination as to the existence of a dispute of material fact because a defendant in a small claims matter has the right to a jury trial *only* if there is a genuine issue of material fact.  *See H&H Oil Co. v. Dineen*, 557 A.2d 604, 605-06 (Me. 1989); *see also Darling's Auto Mall v. Gen. Motors, LLC*, 2016 ME 48, ¶ 10, 135 A.3d 819 ("[A] trial court's decision to deny or grant a

despite the Superior Court's expressed concerns, to proceed with a bench trial; and (5) agreed that the record developed before the Superior Court could be used as the record on appeal from the District Court judgment.

[¶13] Despite these actions that the Vallees took in the Superior Court, they now contend that, "upon reflection," the Superior Court should not have allowed them to waive their request for a jury trial and that the only way to correct this and other alleged errors "is to remand the case back to the Superior Court and allow [them] to have their jury trial." We review such questions of law de novo. *See City of Biddeford v. Holland*, 2005 ME 121, ¶ 6, 886 A.2d 1281.

[¶14] Our review for errors of law must recognize the choices made by the parties leading to the judgment on appeal. The preeminent treatise on civil practice cautions that the "so-called invited error rule . . . prescribes that a party may not complain on appeal of errors that he himself invited." 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2558 (3d ed. 2008);

---

request for a jury trial de novo is very similar to a decision to grant or deny a motion for summary judgment."). Otherwise, an appealing defendant may seek review on questions of law only. *See* M.R. Civ. P. 80L(c)(3).

When the Superior Court denies a party's request for a jury trial (or a jury trial is waived, as occurred here), the Superior Court must either proceed with the appeal on questions of law only or dismiss the appeal altogether. *See* M.R. Civ. P. 80L(c)(3). The Advisory Notes to Rule 80L(c)(3) clarify that the independent question of law must have "been presented in the grounds stated by the defendant in the notice of appeal" and that the Superior Court's review is "preliminary" to determine if "the issue is a material one." M.R. Civ. P. 80L Advisory Committee's Notes 1986. In their notice of appeal, the Vallees challenged the sufficiency of the evidence to support the District Court's judgment. This challenge is cognizable as a question of law, *see Portfolio Recovery Assocs., LLC v. Bickford*, 2017 ME 140, ¶ 9, 166 A.3d 986, and is material to the Vallees' defense.

*see P.R. Hosp. Supply, Inc. v. Bos. Sci. Corp.*, 426 F.3d 503, 505 (1st Cir. 2005) ("In general, a party may not appeal from an error to which he contributed, either by failing to object or by affirmatively presenting to the court the wrong law."); *see also United States v. Melvin,* 730 F.3d 29, 40 (1st Cir. 2013) (stating that a party who takes a different position on appeal than he or she did at trial "should not be allowed to have it both ways").

[¶15]   We also have cautioned that appellate review "provides no invitation to change trial and instruction request strategy when the results of the original strategy turn out less favorably than hoped for."  *State v. Cleaves,* 2005 ME 67, ¶ 13, 874 A.2d 872.  Thus, we will not undertake an obvious error review when a litigant affirmatively approves or consents to a court action.  *See State v. Scott*, 2019 ME 105, ¶¶ 19-20, 211 A.3d 205; *State v. Rega,* 2005 ME 5, ¶ 17, 863 A.2d 917; *Sullivan v. Porter,* 2004 ME 134, ¶ 22, 861 A.2d 625; *see also Me. Educ. Assoc. v. Me. Cmty. College Sys. Bd. of Trs.,* 2007 ME 70, ¶¶ 16-18, 923 A.2d 914.

[¶16]   The results of the Vallees' strategic choices and agreements to deviate from procedural requirements for small claims appeals cannot now be undone on an appeal from the resulting judgment, which they view unfavorably.  *Cf. Scott*, 2019 ME 105, ¶¶ 19-20, 211 A.3d 205 (no basis to review court actions to which a litigant affirmatively approves or consents).  In light of

the Vallees' invited or consented-to deviations from the established process for review of small claims judgments, our review of the limited available record does not provide an avenue for the new jury trial they now seek.[8]

### III. SANCTIONS REQUEST

[¶17] In their brief, Cote and Theriault ask us to impose sanctions on the Vallees—in the form of "treble costs and reasonable expenses"—based on their assertion that, by appealing the Superior Court's decision, the Vallees have "totally frustrate[d]" the purpose of the Small Claims Act to provide "a simple, speedy and informal court procedure for the resolution of small claims." 14 M.R.S. § 7481 (2018). Because, in the Superior Court, Cote and Theriault acquiesced in and sometimes affirmatively agreed to departures from proper process in a way that has delayed and complicated this action, including the appeal, there is an insufficient basis to impose sanctions against the Vallees on this appeal. Additionally, although we may impose sanctions at a party's request if an appeal "is frivolous, contumacious, or instituted primarily for the purpose of delay," M.R. App. P. 13(f), we will do so only if the moving party has filed "a separate motion requesting sanctions," *McGarvey v. McGarvey*, 2019 ME 40, ¶ 6, 204 A.3d 1276 (emphasis omitted). *See Maine Appellate*

---

[8] The Vallees also assert that the Superior Court erred by affirming the District Court's determination that they are liable to Cote and Theriault. We are not persuaded by that contention and do not address it further.

*Practice* § 13.6 at 196 (5th ed. 2018) ("A request for sanctions stated only in a brief is not sufficient to trigger imposition of sanctions pursuant to Rule 13(f)."). No separate motion requesting sanctions was filed here.

The entry is:

Judgment of the Superior Court affirmed.

_____

GORMAN, J., with whom SAUFLEY, C.J., joins, dissenting.

[¶18] I agree with the Court that, at the parties' specific request, the Superior Court deviated from established small claims procedure. *See* Court's Opinion ¶ 12. Because I disagree with the Court's conclusion that the result of those deviations is an affirmance of the resulting judgment, I must respectfully dissent.

[¶19] When a defendant appeals a small claims judgment entered in the District Court, the Superior Court has authority to do two things pursuant to M.R. Civ. P. 80L and M.R.S.C.P. 11. *See* 14 M.R.S. § 7484-A(1) (2018) (requiring that the Supreme Judicial Court establish the small claims appellate process by rule); *Taylor v. Walker*, 2017 ME 218, ¶¶ 5-6, 173 A.3d 539 ("The Superior Court has limited and specific authority when a small claims matter is appealed."); Court's Opinion ¶¶ 9-10; *see also* 4 M.R.S. § 105(3)(B)(2) (2018). First, the court may conduct a jury trial de novo if it finds that the defendant "has shown

in light of the affidavits and the whole record that there is a genuine issue of material fact as to which there is a right to trial by jury." M.R. Civ. P. 80L(a), (c); *see* M.R.S.C.P. 11(d)(2); *H & H Oil Co. v. Dineen*, 557 A.2d 604, 605-06 (Me. 1989). Second, if the defendant does not demand a jury trial or withdraws the demand for a jury trial, or if the Superior Court determines that the defendant has not shown the existence of such a genuine issue of material fact, the Superior Court may consider any "independent question of law" raised in the notice of appeal that is "material to a legal claim or defense." M.R. Civ. P. 80L(c)(3)-(4); *see* M.R.S.C.P. 11(d)(2); *Kingsbury v. Forbes*, 1998 ME 168, ¶ 5, 714 A.2d 149*; see also Taylor*, 2017 ME 218, ¶ 6, 173 A.3d 539 (noting that, "in rare circumstances, the Superior Court may review the District Court's exercise of discretion in making a determination that is not related to the trial of facts on the merits of the claim").

[¶20] In this matter, there is no dispute that the Vallees abandoned their request for a jury trial. The Superior Court's authority was therefore limited to a review of any independent legal issue properly raised in the Vallees' notice of appeal from the District Court judgment. *See* M.R. Civ. P. 80L(c)(3)-(4); M.R.S.C.P. 11(d)(2); *Kingsbury*, 1998 ME 168, ¶ 5, 714 A.2d 149. To the extent

that the Vallees raised any independent issues of law in their notice of appeal,[9] I would conclude that the Superior Court was precluded from considering those legal issues based on the state of the record produced by the Vallees. *See* M.R.S.C.P. 11(d)(1)-(3); M.R. Civ. P. 76F(c), (d).

[¶21] To review an independent question of law in a small claims appeal, "the [Superior Court] shall review the record pertaining to it" in accordance with M.R. Civ. P. 76F. M.R. Civ. P. 80L(c)(3); *see* M.R.S.C.P. 11(d)(1)-(3). It is the appellant's obligation to produce that record by one of three means, depending on the issues raised in the appeal. M.R. Civ. P. 76F, 76H(e), 80L(c)(3); M.R.S.C.P. 11(d)(1)-(3), (5). First, the appellant may provide a transcript of the District Court proceedings. M.R.S.C.P. 11(d)(3), (5); M.R. Civ. P. 76F(a), 76H(e). In a matter in which an electronic recording was requested or is routine but no recording or transcript of the proceeding is available for reasons beyond the control of any party, the appellant may submit a "statement of the evidence or proceedings from the best available means, including the appellant's recollection, for use instead of a transcript." M.R. Civ. P. 76F(c); *see* M.R.S.C.P. 11(d)(3). A third alternative for producing the District Court record is also

---

[9] In their notice of appeal, the Vallees primarily argued that the District Court's factual analysis of the matter was incorrect, and they challenged, in the most cursory fashion, "what legal or factual basis the court had to order the [Vallees] to pay for [Cote and Theriault's] new well." *See also* Court's Opinion ¶ 4 n.2 (noting that the Vallees' affidavit submitted with their notice of appeal did not comply with the requirements of M.R. Civ. P. 56(e) for lack of a proper jurat).

available "[w]hen the questions presented by an appeal to the Superior Court can be determined without an examination of all of the pleadings, evidence, and proceedings in the [District Court]." M.R. Civ. P. 76F(d). In such instances, "the parties may prepare and sign a statement of the case showing how the questions arose and were decided and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the Superior Court."[10] M.R. Civ. P. 76F(d).

[¶22] The Vallees satisfied none of these three options. They failed to request a recording of the District Court hearing, and therefore no transcript of that hearing was available for the Superior Court's review. *See* M.R.S.C.P. 11(d)(3), (5); M.R. Civ. P. 76F. In addition, the record contains no suggestion that the unavailability of a recording or transcript occurred for reasons beyond any party's control, and the Vallees did not even attempt to submit a statement of the evidence pursuant to M.R. Civ. P. 76F(c). Finally, to the extent that the Vallees' legal arguments could be presented without examining the entirety of the proceedings before the District Court, the Vallees did not file a statement of

---

[10] "The statement shall include a copy of the judgment appealed from, a copy of the notice of appeal with its filing date, and a concise statement of the points to be relied on by the appellant. If the statement conforms to the truth, it, together with such additions as the District Court judge may consider necessary fully to present the questions raised by the appeal, shall be approved by the District Court judge and shall then be certified to the Superior Court as the record on appeal." M.R. Civ. P. 76F(d).

the case pursuant to Rule 76F(d). By producing no transcript, statement of the evidence, or statement of the case, the Vallees failed to provide an adequate record on which the Superior Court could conduct its appellate review. *See Manzo v. Reynolds*, 477 A.2d 732, 734 (Me. 1984) ("[W]hen a party does not furnish the Superior Court with any transcript of the evidence in the District Court, or any statement of the evidence or proceedings as would . . . be usable on appeal in lieu of a transcript, the Superior Court has no basis for reviewing the judgment of the District Court.").

[¶23] In the absence of a jury trial request or an adequate record for appellate review of a legal issue, the Superior Court had no authority to act, and it therefore should have dismissed the appeal. *See Ferguson v. Jackson*, 1997 ME 235, ¶ 3, 704 A.2d 378 (holding that the Superior Court was required to dismiss an appeal of a District Court small claims judgment upon the withdrawal of a request for a jury trial when no question of law was raised and no transcript of the small claims hearing was filed). I would vacate the Superior Court's decision and remand the matter to the Superior Court with instructions to dismiss the Vallees' appeal.

---

Neal L. Weinstein, Esq. (orally), Old Orchard Beach, for appellants Roger Vallee and Melody Vallee

Michael J. O'Toole, Esq. (orally), Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellees Manon Cote and Sylvain Theriault

York County Superior Court docket number AP-2016-24
FOR CLERK REFERENCE ONLY